JOHN THOMAS AND WIFE, Plaintiffs in Error, *v.* JOSEPH BABB AND WIFE, Defendants in Error.

1. *Practice, civil — Instructions directing a verdict on a certain state of facts, must embrace all.* — An instruction which hypothecates a state of facts, and upon their existence directs a verdict, is improper unless all the facts are hypothecated which are necessary to sustain a verdict.

2. *Lands and land titles — Possession must be adverse.* — Possession, to give title, must not only be continued, open, and notorious, but adverse.

3. *Lands and land titles — Occupation by mistake or ignorance, effect of — Disseizin* — If defendant in an ejectment suit, erected his fence accidentally upon plaintiff's land, through mistake or ignorance of the correct line separating the tracts, and without intending to claim beyond the true line, then the line of occupation thus taken, and the possession that followed it, did not work a disseizin.

4. *Practice, civil — Instructions, requisites of.* — Each instruction must be correct in itself; all must be consistent with each other; and the whole taken together must present but one doctrine.

5. *Ejectment — Occupation by plaintiff's permission, effect of — Damages — Improvements.* — If the evidence in an ejectment suit showed that defendant occupied plaintiff's land by his license, the former would not be liable to the same measure of damages or be deprived of the benefit of his improvements, as he would had his possession been wrongful.

### Error to Fifth District Court.

*Broaddus & Pollard*, and *Dixon*, for plaintiffs in error.

Where a party claims beyond the true line, through mistake, lapse of time merely does not give the title. (St. Louis University

v. McCune *et al.*, 28 Mo. 485 ; 22 Mo. 266–8 ; Boyd *et al.* v. Doty *et al.*, 8 Ind. 370 ; Brown v. Gay, 3 Greenl. 126 ; Ross v. Gould, *id.* 204 ; Cleaveland v. Flagg, 4 Cush. 76.)

*McFerran*, for defendants in error.

Instruction No. 9, taken in connection with those given for plaintiffs in error, with reference to the statute of limitations, presented the case properly to the jury on behalf of the plaintiffs in error. (McKeon v. Citizens' Railw. Co'., 43 Mo. 405 ; 3 Washb. on Real Prop. 127, 142–3 ; 39 Verm. 583 ; 10 Mass. 294 ; 7 N. H. 436 ; 5 Pet. 439.)

Bliss, Judge, delivered the opinion of the court.

The controversy in this case pertains to a disputed boundary, and plaintiffs bring ejectment to recover possession of a portion of the land of the wife, claimed to be fenced in by the defendant. The title of the plaintiffs to the forty acres, of which it is claimed the disputed parcel is a part, is admitted to be in Mrs. Thomas, and the title to the farm within which the disputed land is inclosed, is admitted to be in Mrs. Babb ; and it is also admitted that she and her husband had been in possession of the same for more than ten years before the commencement of the suit. The plaintiff employed the county surveyor to locate the land, and, unable to find the original monuments indicating the boundaries of section 5, in which the disputed land lies, he runs lines from known monuments in the north line of the township, five miles south to other monuments, and finds a surplus of some thirteen and a half chains. This surplus he divides among the several sections, which has the effect of making the south line of section 5 over two chains more than a mile from the north line. This adjustment of the lines of the sections and of their subdivisions, throws the division line between plaintiffs and defendants some eight rods south of the division fence. Several questions were raised at the trial by the rejection of evidence offered by defendants, and by refusing instructions asked for by them, which, inasmuch as they obtained judgment, it is unnecessary to consider. But the court, at their instance, gave instruction No. 9, to which

the plaintiffs objected, and which must have secured for the defendants their verdict. It is as follows: "If the jury believe from the evidence that the plaintiffs claim title under one Robert McCullough, who, in the year 1857 or 1859, went to what was then supposed to be the south line of plaintiffs' tract, in which the land in controversy is situated, and stuck a stake in the ground on said supposed line, in the presence of the defendant, Joseph Babb; and then and there told the defendant, Joseph Babb, that any improvements made by him south of said line would be safe, or words to that effect; and that afterwards the defendants, or those under whom they claim, made a fence and other improvements south of said line; and that the lands claimed by the plaintiffs are south of, and adjacent to, said supposed line; and that the defendants, and those under whom they claim, have been in continued, open, and notorious actual possession of the lands sued for, for more than ten years before the institution of this suit, then the jury will find for the defendants."

The defendant, Joseph Babb, who was supported by other witnesses, had testified that in 1857 he pre-empted the land now owned by his wife; that he hauled lumber upon what he supposed was the north end of the lot, in order to make improvements; that Robert McCullough, under whom the plaintiffs claim, came to where he was hauling it; that he had stepped off the distance from the north, and told Babb he was too far north; that he then stepped on some two hundred steps further south, stuck a stick in the ground and said, "If you build south of here, you will be forever safe." Babb then moved his lumber further south and built his house; he also built his fence upon the line as indicated by the stick, and has ever since occupied up to the fence. McCullough differed somewhat in his description of the occurrence; but there is no dispute that defendants have ever since occupied the land up to the fence, and made improvements upon the part now claimed by the plaintiffs. The instruction above recited was given in reference to this testimony.

The instruction is erroneous. It hypothecates a state of facts, and upon their existence directs a verdict for defendants. An instruction in this form is proper, provided all the facts are

hypothecated necessary to sustain the verdict. But the law will not warrant such a verdict if no more is found than what is required by this instruction. The court seems to have forgotten entirely that possession, to give title, must not only be " continued, open, and notorious," but must be adverse. There must be a disseizure — an intention to claim the title — something more than a mistake. It is not uncommon for adjoining proprietors, in making their division fences, to mistake the true line of division. Sometimes they intend to make the line of the fence the actual boundary of their separate property, claiming and occupying up to it as the individual property of each, and each understanding the character of the claim and occupancy of the other; but sometimes, also, they make the fence as a division of convenience, mistaking or ignoring the true line; or one of them may make it as part of a necessary inclosure, without intending to claim beyond the true line. In the one case, the occupancy would be adverse; in the others, it would not. (Burrell v. Burrell, 11 Mass. 293.) The Supreme Court of Maine, in Ross v. Gould, 5 Maine, 212, says: "A disseizin can not be committed by mistake, because the intention of the possessor to claim adversely is an essential ingredient in a disseizin; and for the same reason, mere mistake will not constitute an abandonment of possession." (See 3 Washb. on Real Prop. 491, 500, and cases cited.) Our own Supreme Court, in St. Louis University v. McCune, 28 Mo. 485, says: "If the plaintiffs erected their fence accidentally upon the defendants' land, through mistake or ignorance of the correct line separating the tracts, and without intending to claim beyond their true line, then the line of occupation thus taken, and the possession that followed it, did not work a disseizin." The court declares the same doctrine in Cutter v. Waddingham, 22 Mo. 206, 266–7. Such being the settled law, the error of the instruction is apparent. "Continued, open, and notorious actual possession" of real estate for over two years is far from being sufficient of itself to give title.

The defendants claim, however, that the defects of this instruction are supplied by other instructions given on behalf of the plaintiffs. It is true that those asked for by the plaintiffs were

all given, and that some of them were inconsistent with the case under consideration, and negatively presented the law correctly. But where inconsistent directions are given to the jury, how are they to judge which are correct? One may sometimes supply a defect in another; but the one now complained of, by its terms, purports to cover the whole case, and leaves nothing to be supplied. Each instruction must be correct in itself as far as it goes; they must all be consistent with each other; and the whole taken together must present but one doctrine, or the jury will have nothing to guide them.

If it should appear upon another trial of this case that there was an actual mistake in the boundaries, as claimed by the plaintiffs, and that defendants have not acquired title by possession, it does not necessarily follow that they have no rights in the premises. There is testimony tending to prove license, if nothing more, in which case the defendants would not be liable to the same measure of damages or deprived of the benefit of their improvements, as if their possession had been wrongful. (See Fahr v. Dean, 26 Mo. 116.)

The other judges concurring, the judgment is reversed and the cause remanded.