ANTON GOETZ, Respondent, *v.* THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Railroads — Common carriers — Half-fare tickets — Reasonable regulations must be complied with by passengers.* — A railroad company is under no general obligations to carry any one for less than the usual rates, and if it does so for special accommodation, any reasonable condition imposed upon the passengers should be performed; and if such passengers neglect to perform such conditions they cannot complain if the regular fares are demanded.

2. *Practice, civil — Trials — Instructions, erroneous, cannot be cured by others.* — An instruction in itself erroneous cannot be cured by another. One that gives only part of a case may be supplied by another, but there should be no contradiction. Contradiction tends to confuse, not enlighten, the jury. An ambiguous or general term in an instruction may be explained by another, and a partial view may sometimes be supplied, but the whole should be consistent and harmonious.

*Appeal from Linn Circuit Court.*

*Hall & Oliver*, for appellant.

I. The appellant, as a common carrier of passengers, had a lawful right to make and carry out the rule enforced in this case. (Crocker v. New London, W. & P. R.R. Co., 24 Conn. 249; The Commonwealth v. Power, 7 Metc. 596; Jencks v. Coleman, 2 Sumn. 221; Hibbard v. New York & Erie R.R. Co., 15 N. Y. 455; Downs v. N. Y. & N. H. R.R. Co., 36 Conn. 287; Cheney v. Boston & Maine R.R. Co., 11 Metc. 121.)

II. The second instruction given to the jury at the request of the respondent entirely ignores the issue raised by the pleadings and evidence, and is contradictory to one given for appellant.

III. There was no evidence of either malice, violence, oppression or wanton recklessness of appellant, or of its agents, in its treatment of the respondent. Everything was done decently, civilly, and in order.

*G. D. Burgess*, for respondent.

The instructions presented the case fairly to the jury, and were as favorable to the appellant as it could have desired.

It was the duty of appellant to have notified its servants and agents of the special arrangement between plaintiff and it, and it was guilty of the very grossest negligence in failing to do so. (Sullivan v. Phila. & Reading R.R. Co., 30 Penn. St. 234.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff, with others, purchased a half-fare ticket from Brookfield to Macon, upon an agreement that they were to be returned at the same rate. When about to return to Brookfield he purchased at the Macon ticket office the same kind of ticket and went aboard the train. He had no regular permit to travel on such ticket, and the conductor had not been notified of the arrangement. The latter, therefore, demanded the balance of the fare; and the plaintiff refusing to pay it, the train was stopped, he was ordered to leave the car, and at once obeyed and walked back to Macon. In the evening of the same day he was forwarded to Brookfield without expense.

There is no evidence of any harsh treatment by the conductor, but the evidence shows that he was simply doing his duty. The road regulations forbid him from passing any one on half-fare tickets, unless those exhibiting them shall carry a permit from the proper officer to thus travel. This is a reasonable rule; otherwise any one could purchase and travel upon such tickets. Defendant claimed to have shown that when the plaintiff and his companions applied for a reduction of fare, it was too late to prepare excursion tickets, and a special arrangement was made by which the

Brookfield ticket agent should sell half-fare tickets and notify the conductor of the approaching train, and that the excursionists should inform Mr. Burnett, the ticket agent at Macon, when they were ready to return, and he would do the same. Upon their return they came to the ticket office and purchased half-fare tickets of the clerk, but did not see Mr. Burnett, and he knew nothing of their departure until they came back, after having been put off the train. Under this state of facts defendant claims that it was plaintiff's duty to notify Mr. Burnett, the regular ticket agent, according to the arrangement, and that, not having done so, it was his fault that the conductor was not directed to pass them.

What the contract was, was a question for the jury; but that the plaintiff was under obligation to comply with it, there can be no doubt. The railroad company is under no general obligation to carry any one for less than the usual rates, and if it does so for special accommodation, any reasonable condition imposed upon the passenger should be performed. If it were true that, instead of taking a written permit for the information of the conductor, the plaintiff and his companions agreed to inform the Macon ticket agent of the time of their return, in order that he might notify him, and they neglected to do so, it was their fault that the conductor remained in ignorance of their privilege, and they cannot complain because he demanded the usual fare. This matter should have been submitted to the jury; and when the court, by instruction No. 2 given on behalf of plaintiff, supposed a state of facts entirely ignoring it, and upon these facts directed a verdict, a one-sided view was presented, and the court committed error.

It is claimed that this defect was supplied by instruction given on behalf of defendant. An instruction in itself erroneous cannot be so supplied. One that gives but part of a case may be, but there should be no contradiction. If the plaintiff has shown a state of facts that, of themselves and alone, would authorize a verdict, and other facts were claimed to have been proved by defendant, that would control these facts and require a different one, it would be a misdirection to direct a verdict upon the plaintiff's showing merely. The fact that it is contradicted by one given on defendant's behalf, tends rather to confuse than enlighten the jury. An ambiguous or

general term in an instruction may be explained by another, and a partial view may sometimes be supplied, but the whole should be consistent and harmonious. (Thomas v. Babb, 45 Mo. 384.)

. The whole case was not fairly submitted to the jury, and for this error the judgment is reversed and the cause remanded. The other judges concur.