JOHN A. MOORE, Appellant. v. ED. STREIGEL *et al.*, Respondents.

Kansas City Court of Appeals, May 30, 1892.

1. **Instructions**: ABSTRACT PROPOSITIONS. Instructions should not only embody propositions of law proper in themselves, but should be applicable to the case in hand.

2. **Bills and Notes**: INDORSER: PROTEST. In order to hold an indorser on a negotiable promissory note, there must be proper protest, and an instruction that ignores such protest is properly refused.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Henry Smith* and *James G. Smith,* for appellant.

The law does not require this, but only reasonable diligence on the part of the notary as to these facts. Further, the question of reasonable diligence is a question of law for the court, and was wrongly submitted to the jury. *Saunderson, Adm'r, v. Reinstadler,* 31 Mo. 483–487; *Bank v. Hatch,* 78 Mo. 13; *Bank v. Chambers,* 14 Mo. App. 152; *Greffet v. Dowdall,* 17 Mo. App. 280; *Renshaw v. Triplett,* 23 Mo. 213; *Martin v. Grabinsky,* 38 Mo. App. 359.

*Chase & Powell,* for respondent Brewing Company.

(1) We understand the rule to be that where a note is shown to have been obtained and put into circulation by fraud and illegality, the holder must show that he got it in good faith. *Hamilton v. Marks,* 63 Mo. 167. (2) And, further, it seems to respondent

that verdict was authorized by the evidence of knowledge on part of plaintiff. *Greffet v. Dowdall*, 17 Mo. App. 280; *Julian v. Calkins*, 85 Mo. 202; *Avery v. Fitzgerald*, 94 Mo. 207; *Gray v. Packet Co.*, 64 Mo. 47; *State v. Kring*, 74 Mo. 632; *Miller v. Miller*, 14 Mo. App. 418; *Schluter v. Weidenbrocker*, 23 Mo. App. 440.

ELLISON, J.—Plaintiff is the indorsee of a negotiable promissory note, and brought this action against Ed. Streigel, as maker, and the Green Tree Brewing Company as indorser, thereof. The note had been paid before plaintiff purchased it. The contest below was with the brewing company, in which plaintiff failed, and he brings the case here, complaining, principally, of instructions refused, which were asked by him, and those given, as asked by the brewing company.

We have examined the evidence, and we justify the court's refusal of plaintiff's peremptory instructions. The instructions which were refused for plaintiff, embodying the proposition that plaintiff must have had knowledge of the payment of the note, as distinguished from mere suspicion, and that his negligence or carelessness in the purchase of the note would not prevent his recovery, were proper in themselves (*Hamilton v. Marks*, 63 Mo. 167; *Mayes v. Robinson*, 93 Mo. 122); but as applied to this case they were properly refused for this reason. In order to make the brewing company liable, there must have been a proper protest. There was an issue, upon which testimony was heard, as to whether there had been a proper protest, so as to hold the brewing company, and this hypothesis was omitted from such instructions. By these instructions the jury were directed to find for plaintiff, without reference to what they may have believed as to there having been a proper protest, thus without embracing

the necessary requisites upon which a verdict could stand. *Thomas v. Bobb*, 45 Mo. 384.

We understand this to be within the rule, as announced by BLACK, J., in his dissenting opinion, in *Sullivan v. Railroad*, 88 Mo. 190; an. opinion since adopted by that court as the proper rule.

The instruction for defendant, which authorized the jury to infer from the testimony and circumstances proven that plaintiff had knowledge of payment of the note, was proper.

We have discovered no sufficient cause for disturbing the verdict, and we, therefore, affirm the judgment. All concur.