ALLEN C. ENLOE v. AMERICAN CAR AND FOUNDRY COMPANY, Appellant.

Division One, February 29, 1912.

1. **DEMURRER: To Evidence: Negligence.** A demurrer to the testimony can be sustained only when the cause of action pleaded is not sustained by material evidence or by any reasonable inferences from the facts proved. The plaintiff's evidence in this action for damages for personal injuries is held to make a prima facie case, which, if believed by the jury, negatived any contributory negligence or assumption of risk by the plaintiff.

2. **INSTRUCTIONS: Defenses: Negligence.** An instruction for the plaintiff purporting to cover the case and direct a finding, should embrace, affirmatively or negatively, all legal defenses arising under the pleadings and proof.

3. ——: ——: ——: **Custom: Notice.** The plaintiff, while repairing a car in defendant's shops, was injured by the defendant's servants, who pushed another car against those between which plaintiff stood to work. The plaintiff testified that notice was given of the arrival of one car and he stood out of its way, and that some minutes after he had resumed work the car was pushed in which caused his injury. The defendant complains that an instruction given for the plaintiff, which purported to cover the whole case and direct a finding, ignored testimony for defendant tending to prove its custom, when more than one car was ready to be pushed into the shed, of giving warning against the first and none against those following, although there was an interval of a few minutes between the cars. *Held*, that the instruction is not open to that objection, because, first, such custom, even if established, was in itself culpable negligence; second, there is no evidence that the plaintiff had any knowledge of the custom before the injury; and, finally, the instruction fully submitted that issue to the jury by saying: "If the jury find" that defendant's foreman "failed to exercise ordinary care" in moving the car without any warning to the plaintiff, "and that plaintiff's injuries were directly caused by the failure of such foreman to exercise ordinary care," etc.

4. **NEGLIGENCE: Vice-Principal: Giving Notice.** Where it was defendant's duty to exercise ordinary care to prevent injury to its employees, the workmen directed to give notice of danger before the doing of certain acts were to this extent the representatives of defendant and not fellow-servants of those workmen to whom notice was due.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Watts, Gentry & Lee* for appellant.

(1) The court erred in overruling the defendant's demurrer to the evidence. The plaintiff was working on a track where cars were liable to be moved at any time. We invoke the same rule that has been frequently applied in cases where section hands or others,

even including persons who were not employees, were injured while working upon or adjacent to a railroad or street car track and allowed themselves to become absorbed in their work so that they did not notice the approach of trains or cars. In such cases the courts hold that there can be no recovery. Degonia v. Railroad, 224 Mo. 564; Van Dyke v. Railroad, 230 Mo. 259; Brockschmidt v. Railroad, 205 Mo. 435; Ginocchio v. Railroad, 155 Mo. App. 163; Hitz v. Railroad, 152 Mo. App. 687; Clancey v. Railroad, 192 Mo. 615; McGrath v. Transit Co., 197 Mo. 97; Sissell v. Railroad, 214 Mo. 515; Evans v. Railroad, 178 Mo. 508; Davies v. Railroad, 159 Mo. 1. (2) The court erred in giving instruction 1 at the request of the plaintiff. This instruction ignores the testimony of defendant's witnesses Sofka and McMullen, to the effect that the custom was to give a warning only when the first of a group of three or four cars was about to be moved and that it was generally understood amongst all the employees around there that no further warning was to be given as each car was moved separately. (3) The court erred in refusing instruction A, offered by the defendant. Donnelly v. Manufacturing Co., 75 Pac. 1017; Railroad v. Knerin, 152 Ill. 456; Hawk v. Lumber Co., 166 Mo. 121; Jackson v. Mining Co., 106 Mo. App. 441; Johnson v. Railroad, 104 Mo. App. 588.

*Earl M. Pirkey* and *George W. Wadlow* for respondent.

(1) Whenever it becomes necessary to disturb cars at or about which persons are engaged, it is the duty of the company moving the cars to warn those at or about the cars of the contemplated movement in time for them to give heed to their safety. Gayle v. Car & Foundry Co., 177 Mo. 427; Koerner v. Car Company, 209 Mo. 141; Ryan v. Railroad, 115 Fed. 197; Butler v. Railroad, 155 Mo. App. 287; Railroad v. Shaw, 116 Fed. 621; Lovell v. Railroad, 121 Mo. App.

471; Railroad v. Miles, 24 C. C. A. 559; Spotts v. Rail-
road, 111 Mo. 380; Jacobson v. Railroad, 41 Minn. 206;
Railroad v. Duncan, 88 Tex. 611; Railroad v. Goebel,
119 Ill. 524. (2) The court did not err in refusing in-
struction A. It was erroneous for the following rea-
sons: (a) Plaintiff was an independent contractor
and was not a fellow-servant with the body builders.
Gayle v. Car & Foundry Co., 177 Mo. 427; Koerner
v. Car Co., 209 Mo. 141. (b) John Sofka, defendant's
vice-principal in charge, was a body builder, and for
his negligence the appellant is liable to plaintiff. Plain-
tiff and Sofka were not fellow-servants. Now the car
in question was moved by Sofka. Consequently, if
there was any negligence he was partly or entirely re-
sponsible. He was a body builder and for his negli-
gence the company is certainly responsible, yet the re-
fused instruction required the jury to find for the de-
fendant if plaintiff's injuries were caused solely by the
negligence of the body builders, that is, that although
Sofka, a foreman and body builder, was partly or en-
tirely negligent the defendant is not responsible. If it
be claimed that the term body builders as used in the
instruction referred to the men working under Sofka
and not to Sofka himself, it was misleading because
Sofka was classed as a body builder. Moreover, there
was no evidence to show that the men under Sofka
were solely negligent. Sofka himself was partly or
solely negligent.

BOND, C.—The defendant maintains large
grounds and enclosures for building cars for railway
purposes, and in them has placed a "body shed" con-
taining two railroad tracks upon which incomplete cars
are moved and left so that work and labor can be done
on them by employees. Plaintiff was engaged prior to
January 31, 1908, to do certain carpentry work on such
cars as defendant should place on the tracks laid in
this shed. At that time three cars were standing on

one of these tracks, extending north and south and while plaintiff was affixing timbers (deadwood) to one of said cars, and was standing for that purpose in a space of about two feet between the most northerly and the two remaining cars, a fourth car was shoved against the two cars south of plaintiff, causing him to be crushed against the northernmost car and thereby severely injured.

The petition alleges that this was done by defendant negligently and without warning to plaintiff.

The answer contains a general denial and plea of contributory negligence and an assumption of risk.

On the trial the plaintiff gave evidence tending to prove the foregoing facts and also the acts of negligence alleged in his petition. The evidence as to the custom to give notice of the advent of cars in this shed was conflicting. Plaintiff's testimony was that a warning was given to him of the approach of each car brought into the shed so that he and his two assistants could get out before the coming car could strike the one on which they might be at work, and that this warning was given by the foreman or one of the body workers who would bring in the car.

For defendant, the testimony on this point was that when several cars were ready to be brought into the shed, it was customary to give notice before moving the first one. After which the movers would go back and get the others and bring them in singly without any further notice.

There was a verdict and judgment for plaintiff, which on the 25th of January, 1909, was reduced by a remittitur to $10,000. Defendant perfected its appeal to this court, and assigns as error: First, the refusal of the court to direct a nonsuit; second, the giving and refusal of instructions.

## OPINION.

I. We see no legal basis for the contention that the trial court should have sustained the demurrer to the testimony, either at the conclusion of plaintiff's case or the whole case. This can only be done when the cause of action pleaded is unsustained by any material evidence or by any inferences reasonably to be drawn from the facts proven. [Echhard v. Transit Co., 190 Mo. l. c. 611, and cases cited; Ellis v. Metropolitan St. Ry. Co., 234 Mo. l. c. 673-674; Waddell v. Railroad, 213 Mo. l. c. 16; Klockenbrink v. Railroad, 81 Mo. App. 351; Affirmed, 172 Mo. 678.]

In the case at bar, the testimony of plaintiff and others for him tended to prove that he and his two assistants (his son and nephew) employed by him were put to work on such cars as defendant might bring into the shed; and that before other cars were shoved into this workshop, the established custom upon which they relied was that notice or warning would be given to them of the approach of each car as it was being moved by another set of workmen under the orders of their foreman. That notice was given of the arrival of one car, and plaintiff stood out of its way. He thereupon resumed his work between two of the three cars then left on the track in the shed, and about fifteen minutes thereafter he was injured by the coming together of the two cars between which he was working, caused by the impact of a fourth car brought in by the foreman of the other gang of workmen. On this point the foreman (John Sofka) testified as follows: "Q. I mean that car you pushed down bumped those cars and made them bump the cars he was between, and hurt him. A. Yes. Q. When that car was pushed no warning was given? A. I don't remember if anybody was hollering or not, but I didn't see anybody around the cars. Q. You didn't give any warning? A. If I did I don't remember it. Q. If you gave a warning,

you don't remember it? A. No, sir. Q. If you had anyone give a warning, you don't remember it? A. No, sir. Q. You just simply shoved it down? A. Yes, sir.'' Under this evidence it is evident a prima facie case was made, which, if believed by the jury, negatived any contributory negligence or assumption of risk on the part of the plaintiff.

We, therefore, rule that the trial court did not err in overruling defendant's demurrers to the evidence.

II. Appellant complains of instruction numbered 1 given for plaintiff. This instruction purported to cover the case and direct a finding. It should therefore embrace, affirmatively or negatively, all legal defenses arising under the pleadings and proof. It fills more than two pages of print and need not be recited at length to dispose of the criticisms made. The first of these is, that it ignored testimony for defendant tending to prove its custom when more than one car was ready to be moved into the shed to give warning when the first was about to be shoved in, and to give no warning when the movers thereafter went back and brought in the others. The testimony shows that all cars were brought into this shed singly, and that it took some time for the men doing this to return and get another and bring that in. According to plaintiff's testimony, fifteen minutes (a quarter of an hour) elapsed before this was done. According to defend·· ant's testimony, a few minutes were required to do it.

It is clear that these separate acts of bringing cars into this work shop could not be performed without the lapse of a definite period of time necessary for the men to return to another part of the grounds and bring in more cars. If defendant established a custom of bringing in cars in this way with such necessary interventions of time between its successive acts, then we think the custom so established was culpable negligence in itself, for the obvious reason that there was just as

much danger in bringing in the second or third car as there was attending the bringing in of the first car. And if, as will not be questioned, plaintiff and other workmen required to perform labor on the cars put in the shed by being under and between them, were exposed to injury when one was brought in without notice, they were equally exposed to such injury if another was thereafter brought in without warning.

In the case at bar it is undisputed that plaintiff and his two assistants were employed in this work only four days before he was injured. There is not a scintilla of evidence in this record that he was informed of any such custom as that now claimed. If, therefore, it was one consistent with the duty of the proprietor to exercise proper care for the safety of the men engaged in work which exposed them to the danger of being crushed between cars, which we by no means concede, it would still be unavailable as a defense in this suit, for the reason that there is no evidence whatever that the plaintiff had any knowledge thereof prior to his injury. Hence, the instruction under review is not open to the objection that it excluded any *legal* defense arising under the pleadings and proof. But even if such alleged custom had been one consistent with the exercise of ordinary care on the part of defendant as to the safety of plaintiff in the performance of the particular work in which he was engaged, then that issue was not excluded from the jury, for the instruction complained of submitted it fully to them, as shown by the following excerpt: "And if the jury find from the evidence that said foreman failed to exercise ordinary care in causing or permitting said car to be so moved against said group without warning plaintiff or causing plaintiff to be warned of the movement of said car along said tracks, and that plaintiff's injuries were directly caused by such failure of such foreman to exercise ordinary care (if the jury find from the evidence he did so fail)," etc.

For this further reason the instruction is not open to the objection made.

III.  It is urged that the court refused to give an instruction requested by appellant to the effect that the plaintiff and the other employees (body builders) whose duty it was under their superintendent to move the cars in the shed to be worked on by plaintiff were fellow-servants.  The court properly refused that instruction.  It was admitted by the foreman of these body builders that he shoved the car into the shed which caused the injury, as shown by his testimony quoted in this opinion.  The issue tendered by this instruction was not one therefore which could arise under the pleadings and evidence.  It was the duty of the defendant to exercise ordinary care to prevent injury to its employees in the shed, and the persons, whether foreman or body workers, who were directed by it to give such notice were *quoad hoc* the representatives of the defendant and not fellow-servants of the employees in the shed.

The judgment in this case is affirmed.  *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of Bond, C., is adopted as the opinion of the court.  All the judges concur.