GEORGE RIEGEL, Respondent, v. LOOSE-WILES BISCUIT CO., Appellant.

Kansas City Court of Appeals, February 17, 1913.

1. **PLEADING: Intent: Statute: Common Law.** If the face of the petition discloses a plain intent to found an action upon a statute, it will be considered an action on such statute and not at common law.

169 Mo. App.—33

2. **CONTRIBUTORY NEGLIGENCE: Directing Verdict: Error Cured.** Where contributory negligence is pleaded and evidence is heard tending to support the plea, it is error to give an instruction directing a verdict for plaintiff, which ignores the hypothesis of such contributory negligence. But the error is cured if followed by one for defendant in which it is declared that contributory negligence by plaintiff will prevent his recovery.

3. **MASTER AND SERVANT: Employment of Minors: Statute: Contributory Negligence: Instructions.** If an employer, in violation of the statute (Sec. 1723, R. S. 1909) hires a person under sixteen years of age to clean machinery in a factory, and the person is injured in such work, the employer is guilty of negligence *per se*, and the child cannot be declared guilty of contributory negligence as a matter of law; but he may be guilty of contributory negligence as a matter of fact, to be determined by a jury.

4. **———: ———: Instruction: Error: Duty: Opposite Party: Cure.** It is never the duty of one party to ask an instruction which will cure the voluntary error in the instruction of his opponent.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

REVERSED AND REMANDED.

*Frank Hagerman, Kimbrough Stone* and *E. E. Ball* for appellant.

*Charles R. Cooksey* and *Bird & Pope* for respondent.

ELLISON, J.—Plaintiff is a minor, suing by next friend, and at the time of the injuries complained of was not sixteen years old. He applied for employment in defendant's cracker factory, representing himself to be seventeen years of age. He was hurt by getting his fingers caught in a part of the machinery of the factory, which he was cleaning as directed by defendant's foreman, and brought this action for damages, in which he recovered judgment in the trial court.

The, petition was in three counts. But the verdict was rendered on the first and the two others were abandoned. It is alleged in the first count that plaintiff was under sixteen years of age and that defendant knew it or might have known it. It is said by defendant that that count states a case at common law. We, however, regard it as stating a case under section 1723, Revised Statutes 1909, which forbids the employment of persons under sixteen years of age in the cleaning of machinery. The face of that count discloses an evident intention to place the case on that statute, and sufficiently definite terms are used to express such intention. [Lore v. American Mfg. Co., 160 Mo. 608, 621; Bromberg v. Laundry Co., 134 Iowa l. c. 43.]

The count in question charged that plaintiff was required to clean certain conveyor chains (being run by steam) which ran over wheels, by operating a compressed air hose and nozzle. That to do so, he was compelled to stand near the chain in a narrow space which was wet and slick from flour and other material and negligently allowed to remain so; and that defendant negligently failed to provide him with a safe place in which to work. That while so engaged, his foot slipped, caused by defendant's said negligence, whereby he was thrown against the conveyor, his fingers caught and mashed, etc. The answer was a general denial and contributory negligence. There was evidence in plaintiff's behalf tending to support the allegations of the petition; and in defendant's behalf tending to support the plea of contributory negligence.

Notwithstanding the pleadings and the evidence made contributory negligence an issue in the case, the plaintiff asked and was given an instruction submitting the different hypotheses of fact as claimed by him and directing a verdict thereon, wholly omitting the qualification of contributory negligence. This was error. [Gilson v. Jackson Co. Horse Ry. Co., 76 Mo. l. c. 286; Hill v. Drug Co., 140 Mo. 433, 440; Clark v. Ham-

merle, 27 Mo. 55, 70; Sawyer v. Railroad, 37 Mo. 240, 263; Fitzgerald v. Hayward, 50 Mo. 516; Thomas v. Babb, 45 Mo. 384, 386; Goetz v. Railroad, 50 Mo. 472, 474.] In the last of these cases it is said that: "If the plaintiff has shown a state of facts that, of themselves and alone, would authorize a verdict, and other facts were claimed to have been proved by defendant, that would control these facts and require a different one, it would be a misdirection to direct a verdict upon the plaintiff's showing merely." [Abbott v. Mining Co., 112 Mo. App. l. c. 556, 557.] It was error, not merely of nondirection, but of misdirection. [Purcell v. Railway Co., 126 Mo. App. 43; Toncrey v. Railway Co., 129 Mo. App. 596, 600.] It charged that the things submitted were sufficient for plaintiff's recovery and if they were believed to have existed, directed a verdict for him. Now the jury could have believed those things, and yet plaintiff not be entitled to the verdict if they also believed he was guilty of contributory negligence. The principal part of an instruction is addressed to a juror's belief, and it is necessarily improper to direct a verdict on a basis of a part only of what he should believe.

Since this case was submitted our attention has been called by plaintiff's counsel to Meily v. Railroad, 215 Mo. 567, 587, as stating a different rule. The instruction in that case included the hypothesis of plaintiff's contributory negligence, but did omit the matter of assumption of risk. The St. Louis Court of Appeals, in Johnson v. Railroad, 150 Mo. App. l. c. 323, and the Springfield Court of Appeals in Wright v. Mining Co., 163 Mo. App. l. c. 539, cite that case as sustaining, instead of overturning, the rule we have stated. We, however, need not enter into a discussion of the matter, since later cases have restated the old rule as herein announced. [Enloe v. Car & Foundry Co., 240 Mo. 443; State v. Helton, 234 Mo. 559, 564; State v. Stubblefield, 239 Mo. 526.]

There is a class of cases in which it is held that if an instruction for plaintiff, which ignores contributory negligence, is followed by one for defendant setting up his nonliability if the plaintiff was guilty of contributory negligence, it would cure the otherwise fatal defect. [Owens v. Railway Co., 95 Mo. 169; Hughes v. Railway Co., 127 Mo. 447.] Here, however, the defendant did not ask such an instruction and the issue of contributory negligence was therefore entirely cut out of the case by plaintiff's instruction.

But plaintiff insists that it was defendant's duty to have asked such instruction, and having failed to do so, cannot now complain. It is never the duty of one party to correct the voluntary error of his opponent. Plaintiff's idea doubtless comes from the rule that where one party submits a general instruction, good as it stands, it will suffice, though it might properly contain more of detail which would in effect perhaps limit its application; and if the other party wishes these put to the jury he may do so himself, and if he does not, he has no ground of complaint. [Browning v. Railway Co., 124 Mo. 1. c. 71.]

But here plaintiff's instruction is not good as it stands; or, as has been expressed, is not good as far as it goes. It would have been if it had not directed a verdict. In doing that, it went beyond the right of the plaintiff and denied a right of the defendant. We do not see that the cases of Morgan v. Mulhall, 214 Mo. 451, and Wilson v. Railroad, 122 Mo. App. 667, cited by plaintiff, have any application.

The further question arises on the statute upon which the action is stated, viz.: The defendant having employed a boy under sixteen years of age, in violation of a law forbidding such employment, can it defend on the ground of contributory negligence? We think the statute does not prevent such defense. The rule seems to be that the statute, thus employing the police power of the State by prohibiting the hiring of

children under a designated age, has the effect of making such act of hiring negligence *per se,* and of forbidding a declaration, as a matter of law, that the child thus employed was guilty of contributory negligence, —but that the child could be guilty of contributory negligence as a matter of fact to be determined by a jury. [Bromberg v. Laundry Co., 134 Iowa, 38; Marino v. Lehmaier, 173 N. Y. 530; Perry v. Tozer, 90 Minn. 431; Smith v. National Coal Co., 135 Ky. 671; Rolin v. Tobacco Co., 141 N. C. 300; Sterling v. Union Carbide Co., 142 Mich. 284; Norman v. Coal Co., 68 W. Va. 405; Darsam v. Kohlmann, 123 La. 164; Queen v. Dayton Coal & Iron Co., 95 Tenn. 458; Kirkham v. Wheeler-Osgood Co., 39 Wash. 415.] In passing upon the question whether there was contributory negligence, the age of the person of course would be considered.

We have not been cited to a ruling on the question in this State, though there are decisions on a closely related question. The statute forbids the use of certain machinery unless guarded, etc., yet in a case involving a violation of that statute contributory negligence is allowed as a defense. [Huss v. Bakery Co., 210 Mo. 44; Woodson v. Railway Co., 224 Mo. 685; Millsap v. Beggs, 122 Mo. App. 1; Dressie v. Railway Co., 145 Mo. App. 163, 167.]

The judgment is reversed and the cause remanded. All concur.