SAMIRA KELLEY, Respondent, v. CITY OF ST. JOSEPH, Appellant.

**Kansas City Court of Appeals, May 5, 1913.**

1. **NEGLIGENCE: Ice: Instructions: Omitting Defense: Directing Verdict.** The defense to an action against a city for negligence in allowing ice and snow to accumulate on a sidewalk so that plaintiff slipped and fell, was that a pathway sufficient for pedestrians had been cleaned off the walk and that any ice thereon was merely from the thawing snow on adjoining higher ground, causing water to run lightly over the cleared space and freezing into a thin coat of ice. An instruction for plaintiff purporting to cover every detail of the case and directing a verdict, yet omitting the city's defense, was erroneous.

2. ———: ———: **Notice to City: Time and Place.** A notice to the city of the time and place of the injury, perfect in every respect except that it did not state the place to be in "St. Joseph, Buchanan County, Missouri," was *held* to be sufficient.

Appeal from Buchanan Circuit Court.—*Hon. W. D. Rusk,* Judge.

REVERSED AND REMANDED.

*W. B. Norris, O. E. Shultz* and *Phil.A. Slattery* for appellant.

(1) The court committed error in refusing defendant's demurrer offered at the close of all the evidence, for the following reason: The written notice served on the city failed to state that the defect complained of was located in St. Joseph, Buchanan county, Missouri. R. S. 1909, sec. 8863. (2) Plaintiff's testimony shows there was no negligence on the part of the city, and she is bound by her own statements. Holmes v. Leadbetter, 95 Mo. App. 425; Feary v. Street Railway, 162 Mo. 105; Campbell v. Stanberry, 105 Mo. App. 66; Shea v. Seelig, 89 Mo. App. 146; Erwin v. Railroad, 94 Mo. App. 297; Cogan v. Railway

Co., 101 Mo. App. 188, 189; Shanahan v. Transit Co.,
109 Mo. App. 233. (3) Because the city is not liable
for a mere slippery condition, nor is it liable for slush
or water that flows over the walk from higher ground
and freezes by reason of a sudden cold snap and forms
a thin skim of ice. The city may wait a reasonable
time for the property owners to remove the snow and
ice before it becomes its duty to do so. The city had
no notice of the condition of the walk. Harrington
v. Buffalo, 121 N. Y. 147; Kortland v. City of Mt.
Vernon, 114 N. Y. Sup. 252; Brennan v. City of New
York, 114 N. Y. Sup. 578; Wilson v. Idaho Falls, 105
Pac. 1057; Hendrickson v. Chester City, 70 Atl. 552;
(4) The verdict of three thousand dollars for an in-
jury known as "Colles fracture" is excessive and the
result of passion and prejudice. Lorton v. Railroad,
159 Mo. App. 567.; Village of Orleans v. Perry, 40 N.
W. 420; Slette v. Railroad, 55 N. W. 138; Otto v. Rail-
road, 134 N. W. 157; Railroad v. Payzant, 87 Ill. 125;
(5) The court committed error in refusing to per-
mit the defendant to place in evidence the records
and to examine plaintiff as to former personal in-
jury suits brought by her against the city. Miller v.
Freeman, 127 S. W. 302; Railroad v. Burk, 146 S. W.
602; Luck v. City of Ripon, 8 N. W. 818.

*Barney E. Reilly* and *Mytton & Parkinson* for
respondent.

A city that allows snow to remain on the side-
walk in freezing weather and become tramped so as
to form a hard, rough, uneven and slippery mass of
snow and ice, is liable for injuries to a pedestrian who
falls thereon while in the exercise of ordinary care.
Peters v. St. Joseph, 117 Mo. App. 499; Barker v.
City of Jefferson, 155 Mo. App. 390; Canterbury v.
Kansas City, 149 Mo. App. 520; Quarles v. Kansas
City, 138 Mo. App. 45.

ELLISON, J.—On the 13th of January, 1911, the streets of the city of St. Joseph, were covered with snow and ice and continued to be until the 21st of that month when plaintiff fell on one of the sidewalks and was injured. She brought this action against the city for damages, on the ground that the city was negligent in allowing the snow to get into ridges and by thawing and freezing be transformed into ice of uneven surface and dangerous to pedestrians. She recovered judgment in the trial court.

Regarding the testimony in plaintiff's behalf as the facts of the case, as we must on the question of the propriety of a peremptory instruction to find for the defendant, we think a case was made for the jury and hence sustain the trial court in overruling the demurrer to the evidence.

But plaintiff's first instruction. is so clearly erroneous as to compel a reversal of the judgment. Defendant's principal defense was that a clear space had been cleaned from the granitoid sidewalk, ample for pedestrians, and that only the sides of the walk had become ridged up and uneven and that any danger in the walk came from snow on the terrace and nearby higher ground thawing shortly before the accident and the water running lightly over the clear part of the walk and then freezing into a thin coat of slick ice, a condition impossible for the city to avoid. Plaintiff stated that she came along the "path" on the walk and seeing this slick ice she thought it safer to go to the edge on the ridges and thereby she fell. So, if she was diverted from the safe way by a condition the city could not reasonably avoid, it would not be liable for the resulting injury. Yet plaintiff's instruction purporting to cover, in detail, the entire case, omitted any reference to the defense and *directed a verdict*. This was error. [Goetz v. Railway Co., 50 Mo. 472, 474; Fitzgerald v. Hayward, 50 Mo. 516, 523; Bluedorn v. Railway Co., 108

.Mo. 439, 449; Zeis v. Brewing Co., 205 Mo. 638, 648-650.] The propriety of such an instruction has been before the Supreme Court quite recently and condemned. [Enloe v. Car & Foundry Co., 240 Mo. 443; State v. Helton, 234 Mo. 559, 564; State v. Stubblefield, 239 Mo. 526; State v. Lentz, 184 Mo. 223.]

Complaint is made of what defendant terms a fatal defect in the written notice of the injury which plaintiff gave to the city as required by section 8863, Revised Statutes, 1909. It was dated at St. Joseph and was addressed ''To the Mayor of the City of St. Joseph, Mo.'' It gave notice of the time and place. the side of the street on which it occurred, the exact distance from a cross street, the reason for the fall, the character of the injury, and that she would claim damages. Defendant does not pretend it was not a perfect notice except that it did not say that the place thus described was ''St. Joseph, Buchanan county, Missouri.'' We think that omission did not invalidate the notice.

The judgment is reversed and cause remanded. All concur.