## MARGARET MURPHY, Respondent, v. LUNG-STRASS D. & C. COMPANY, Appellant.

**Kansas City Court of Appeals, March 1, 1915.**

1. **DAMAGES: Cleaning Suit.** A woman got a blood spot on her suit and sent the suit to a clothes cleaning establishment to be cleaned and to have the spot taken out. In undertaking to do so, the cleaners so streaked and colored the suit as to render it practically worthless. It was *held* she might recover damages.

2. ————: **Accord and Satisfaction.** Where one sent a suit to cleaners to be cleaned and they injured it and the owner paid one-half regular charges in order to get possession of the suit and not to settle his claim of damages, it was *held* there was no accord and satisfaction.

3. ————: **Instructions Taken as a Whole.** An instruction submitting the hypothesis of plaintiff's case and directing a verdict

without including defendant's defense, is erroneous; but, since instructions are taken as a whole, it is cured if defendant gets instructions submitting such defense.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Edward Myers* and *H. H. McClure* for appellant.

(1) The statement of plaintiff's cause of action does not state sufficient facts to uphold the judgment. Lawson on Bailments, 40; 136 Mo. App. 38. (2) The court erred in refusing to instruct the jury to find the issues in favor of this defendant. 10 Mo. App. 191-194; 12 Mo. 165; 82 Mo. App. 635-640; 154 Mo. App. 538; 145 Mo. 651-658-659; 17 Mo. 36; 107 Mich. 41; 41 N. Y. 113.

*Kyle & Coon* for respondent.

(1) The statement filed by plaintiff is sufficient. It advises defendant of the nature of plaintiff's claim and a judgment upon it will bar another action for the same demand and that is all the law requires. Witting v. Railroad, 101 Mo. 631; Butts v. Phelps, 79 Mo. 302. (2) It cannot be said that there was a fair and well understood compromise and settlement of plaintiff's claim and without that there is no valid accord and satisfaction. Whether there was an accord and satisfaction was a question of fact and the burden of establishing the same rested on the defendant. Therefore, the finding of the jury that accord and satisfaction had not been proven is binding upon this court, there being evidence to support it. Barrett v. Kern, 141 Mo. App. 24; Dry Goods Co. v. Goss, 65 Mo. App. 55.

ELLISON, P. J.—This action was begun before a justice of the peace where plaintiff had judgment. She again prevailed on appeal to the circuit court.

Plaintiff had a lady's broadcloth suit made for herself by a tailor. Shortly thereafter she got a blood spot upon it and engaged defendant, a clothes cleaning establishment, to remove the spot and clean and press the suit. There was evidence tending to show that, save the spot, the suit was in good condition and appearance when delivered to defendant. But when returned to plaintiff, it was faded and streaked in different shades, and was practically worthless for the purposes for which plaintiff had it made.

When plaintiff saw the condition of her suit she refused to pay the charges of $1.50, and defendant, in consequence, refused to deliver. Then, afterwards, plaintiff demanded the suit and defendant's manager said to her: ''If you will pay seventy-five cents we will deliver,'' and she paid the latter sum. Defendant insists that this was a settlement and compromise of the damages now claimed; while plaintiff says that nothing of that kind was intended, or understood and that the seventy-five cents was paid merely to get possession of the suit. This question was presented to the jury and we accept the verdict as determining it. In accord and satisfaction it must have been understood as a complete settlement. [Barrett v. Kern, 141 Mo. App. 5, 25; Dry Goods Co. v. Goss, 65 Mo. App. 55, 61.]

Nor do we find any error in the instructions. It is true that plaintiff's first instruction directed a verdict for the plaintiff if certain things were believed omitting the qualification of a settlement if one was believed to have been made. But this omission was cured by defendants, where that defense was especially submitted. Under our practice the instructions are taken together, as a whole, and if considered in that way all the issues are submitted, it is sufficient. [Reigel v. Biscuit Co., 169 Mo. App. 515-517; citing Owens v. Ry. Co., 95 Mo. 169, and Hughes v. Ry. Co., 127 Mo. 447.]

Plaintiff's case, as already said, originated in the court of a justice of the peace and the statement was sufficient in every respect for the practice in such cases.

We cannot say the verdict was excessive. It was for $56.25, the exact amount the suit cost the plaintiff. Though it was practically a new suit, she had had it for, perhaps, six weeks and had worn it some. Though stated to be in perfect condition, it may have been worth appreciably less than when first made. But we need not inquire as to that, since there was evidence tending to show that, as a completed garment, it was worth, when new from $65 to $75. In addition to the money outlay there was an item of cost in the time and trouble in having the measurement and fittings with the tailor.

We can discover no substantial ground justifying the appeal and the judgment is accordingly affirmed. All concur.