CLIFFORD MYLETT, a Minor, by MAUDELL MYLETT, his Next Friend, Appellant, v. MONTROSE CLOAK AND SUIT COMPANY, a Corporation, Respondent.

St. Louis Court of Appeals.  Opinion Filed February 6, 1923.

1. **MASTER AND SERVANT: Minors: Minor Injured: Negligence: Employment in Violation of Statute: Causal Connection.** While the employment of a minor in violation of section 1715, Laws of 1911, p. 132, constitutes negligence *per se*, to make such negligence actionable, it must appear that the injury received was the natural and probable consequence of the unlawful employment.

2. ———: ———: ———: ———: ———: **Proximate Cause.** Where a minor, employed in violation of section 1715, Laws of 1911, p. 132, is injured while the child is engaged in the work of the master, by some cause not foreign to the master's work or business, then the unlawful employment will be held to be the proximate cause of the injury.

3. ———: ———: ———: ———: ———: **Petition: Sufficiency.** A petition charging a violation by defendant of the provisions of section 1715, Laws of 1911, and further alleging that the plaintiff,

a minor, thirteen years of age, was injured while upon an elevator and engaged in the performance of duties in the line of his unlawful employment, *held* to show a causal connection between the unlawful employment of the plaintiff and the injury sustained by him.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Robt. W. Hall,* Judge.

REVERSED AND REMANDED.

*Hall & Dame* for appellant.

(1) Putting a child to work in contravention to the statute (Laws 1911, page 132) is negligence and the Master assumes all the risk of danger to the child. Nairn v. Nat'l Biscuit Co., 120 Mo. 144; Peters v. Gilly, 133 Mo. App. 412. (2) The employment of a child in a forbidden establishment in violation of the statute is negligence which would be the proximate cause of an injury sustained by the child while performing the duties of his employment. 48 L. R. A. (N. S.) 661; Scalley v. Garrett, 11 Cal. App. 138; Darson v. Coleman, 123 La. 164, 20 L. R. A. (N. S.) 881; Sharon v. Winnebago Furn. Co., 141 Wisc. 185. (3) Where the defendant unlawfully employed a minor at an occupation that places him in peril and the minor was injured in the course of his employment in consequence of that peril, and the injury which happened was one of the things which the statute was intended to prevent, the fact of such injury in the manner stated establishes a causal relation between the violation of the statute and the plaintiff's injury. Casteel v. Pittsburgh Vitrified Paving & Bldg. Brick Co., 83 Kans. 533; Starns v. Albion Mfg. Co., 147 N. C. 556, 17 L. R. A. (N. S.) 602, 48 L. R. A. (N. S.) 656; 4 Labatt M. and S. 4756, sec. 1571-A, and authorities there cited.

*Taylor, Mayer & Shifrin* and *Kelley, Starke & Moser* for respondent.

(1) The demurrer to appellant's second amended petition was properly sustained because it appears from

said petition that the alleged violation of the statute relied on (Laws 1911, sec. 1715) was not the proximate or efficient cause of appellant's injuries. Authorities infra. (2) Said statute is penal in character, and its violation is declared to be a misdemeanor. It contains no provision to the effect that a violation creates a cause of action in favor of one injured while unlawfully employed. While, under common-law principles, such violation may be the basis of a negligence action, yet in such action the common-law doctrines, including that of proximate cause, must be applied. Laws 1911, secs. 1715 and 1726d; Norman v. Coal Co., 68 W. Va. 409; Berdos v. Mills, 209 Mass. 489; Kapper v. Shoe Co., 116 Mo. App. 172; Riegel v. Biscuit Co., 169 Mo. App. 513; Peters v. Gille Mfg. Co., 133 Mo. App. 412. (3) The violation of the statute does not constitute actionable negligence or a defense unless such violation proximately causes the injury complained of. Nickey et al. v. Steuder, 164 Ind. 189; Boesel v. Wells-Fargo Express Co., 260 Mo. 438; Norman v. Coal Co., supra; 4 Thompson on the Law of Negligence, p. 3827; 21 Am. & Eng. Enc. Law, 480; Dugdale v. St. Joseph R. L. H. & P. Co., 195 Mo. App. 248; Phelan v. Paving Co., 227 Mo. 666; Blackburn v. Railroad, 180 Mo. App. 548; Smith v. Bottle Co., 84 Kans. Syneszewski v. Schmidt, 153 Mich. 438; Metcalfe v. Railway Co., 12 N. Y. App. 147; 48 L. R. A. (N. S) 656-657-661; Elk Cotton Mills v. Grant, 140 Ga. 727. (4) The alleged violation of said statute was merely a collateral act, an attendant circumstance, not contributing to the injury, without causal connection therewith, and only created the condition or gave rise to the occasion by which injury was made possible, and there intervened between said alleged violation and the injury the independent act of a third person. Such being true, said alleged violation cannot be considered as the proximate cause of appellant's injuries. 29 Cyc. 496; Nickey et al. v. Steuder, supra; Malloy v. Am. H. & L. Co., 187 Fed. 776; Moran v. Dickinson, 90 N. E.

(Mass.) 1150; Hughes v. Atlanta Steel Co., 136 Ga. 511; Dugdale v. Ry. L. H. & P. Co., supra; Phelan v. Paving Co., supra; Blackburn v. Railroad, supra.

BRUERE, C.—Action by Clifford Mylett, a minor, by Maudell Mylett, as next friend, to recover damages for personal injuries received while in the employ of the defendant as a messenger boy.

The petition as amended (omitting caption and signatures) is as follows:

"Plaintiff, by leave of court, files this his second amended petition and states that he is a minor, thirteen years of age, and that his mother, Maudell Mylett, was duly appointed his next friend for the purpose of bringing and maintaining this suit on the twenty-first day of September, 1918.

Plaintiff states that defendant, Montrose Cloak and Suit Company, is, and was, at all times herein mentioned, a corporation, engaged in the business of making and selling cloaks and suits, and having and occupying a place and office for the conducting of its business in a building located at 612 North Eleventh street, in the city of St. Louis, Missouri.

Plaintiff further states that the plaintiff, on or about the eighth day of August, 1918, was a minor, thirteen years of age, and under the age of fourteen (14) years, and was at said time employed by, and was in the employ of, and was permitted and suffered to work in a gainful occupation by, the defendant, Montrose Cloak and Suit Company, in its manufacturing establishment, factory and workshop, store and mercantile establishment in said building at 612 North Eleventh street, St. Louis, Missouri, the place aforesaid, in which more than ten persons were employed, and plaintiff was so employed and permitted and suffered by said defendant to work in the transmission and distribution of messages and merchandise to and from said place, and not in anywise in any agricultural pursuit or in domestic service.

Plaintiff charges that the defendant, Montrose Cloak and Suit Company, negligently and unlawfully, and in violation of the laws and statutes of the state of Missouri, and particularly section 1715 of the Statutes of Missouri and of the chapter pertaining to the "Employment of Children" as recorded in Laws of Missouri, 1911, pages 132 to 139, inclusive, so employed plaintiff and suffered and permitted him to work, and plaintiff says that as a direct result of the said negligence and violation of the laws and statutes of the State of Missouri on the part of defendant, Montrose Cloak and Suit Company, as aforesaid, the plaintiff, while he was engaged in the performance of the duties of his said employment, and while he was acting under the orders and directions of the defendant, Montrose Cloak and Suit Company, and while he was exercising ordinary care for his own safety, was required by said duties and orders to go and be and ride upon a certain elevator in said building, and plaintiff was thus and thereby exposed to danger of being injured by being caught between said elevator and parts of said building, adjacent to the elevator shaft, and his life and limb were thus endangered by plaintiff being unlawfully employed as aforesaid, and that as a direct result thereof, while plaintiff was thus upon said elevator with his left foot extending slightly over the edge of the floor of the elevator car, the operator of the elevator started and moved said elevator upward, and plaintiff's left foot and toes were thereby caught between the platform of the elevator in said building on which he was a passenger and the stationary part of the building, and said foot and toes were crushed and the bones thereof broken, and plaintiff was thereby painfully and permanently injured as a direct and proximate result of the said negligence and violation of the laws and of the statutes of Missouri on the part of the defendant.

Plaintiff further charges that the defendant, Montrose Cloak and Suit Company, was negligent in employ-

ing and requiring plaintiff, a minor, under 14 years of age, and of tender years, and of small knowledge and experience, to ride and go and be frequently upon said elevators, as plaintiff's said work required; that plaintiff was likely as a natural and probable result thereof to be injured, and that it was not reasonably safe for plaintiff to be so employed and required to perform such duties, all of which the defendant, Montrose Cloak and Suit Company, knew, or by exercise of ordinary care would have known in time, by the exercise of ordinary care, to have prevented plaintiff's said injuries, and plaintiff says that the said negligence of defendant, Montrose Cloak and Suit Company, directly caused the plaintiff to sustain his said injuries.

Plaintiff says that as a direct result of his injuries caused by the negligence and violation of the law and statutes of Missouri on the part of the defendant as aforesaid, he has suffered great pain of body and anguish of mind, and will in the future so suffer; that he has been and will be for a long time confined to his bed and to his room, and that he has been compelled to have much surgical and medical treatment of his said injuries, and that he has been permanently lamed and disfigured, all to plaintiff's damage in the sum of five thousand ($5000) dollars, for which sum, with costs of suit, he prays judgment against the defendant, Montrose Cloak and Suit Company. ''

A demurrer to said petition was filed, upon the ground that said petition failed to state a cause of action against the defendant. This demurrer was sustained by the lower court and, upon plaintiff's refusal to further plead in this cause, final judgment was rendered in favor of the defendant, from which judgment the plaintiff prosecutes this appeal.

The point presented for decision is whether the petition sufficiently alleges a causal connection between the alleged unlawful employment and the injury complained of.

By section 1715, Laws of Missouri, 1911, upon which the right of action is predicated, it is declared that "No child under the age of fourteen years shall be employed, permitted or suffered to work at any gainful occupation within this State, except at agricultural pursuits, and in domestic service." A violation of the section is made a misdemeanor (section 1726d, Laws 1911, page 136) punishable by fine and imprisonment.

Defendant's insistence that a causal connection must be shown between the negligence charged and the injury complained of, is undeniably true. While the violation of the statute constitutes negligence *per se,* to make such negligence actionable, it must appear that the injury received was the natural and probable consequence of the unlawful employment.

If the child got injured in some way foreign to the master's work or business or from some cause wholly disconnected with his employment, as where the injury resulted not from exposure to the ordinary risks of the employment but from the negligent or wrongful act of a third person, there would be no such a causal connection with the forbidden employment as would render the master liable. But if the injuries are produced while the child is engaged in the work of the master, by some cause not foreign to the master's work or business, then the unlawful employment will be held to be the proximate cause of the injuries.

An able discussion of the question under consideration appears in Labatt's work on Master and Servant (2 Ed.), vol. IV, page 4756, sec. 1571a, it reads:

"Proximity of cause where an injured minor is employed in contravention of a statute—Having regard to the character of the facts involved in cases which involve the employment of children under the age limit by a statute, it seems clear that, whenever the injury resulted directly from exposure to the ordinary risks of the employment the plaintiff is, at the very least, entitled to have the right of recovery determined by the

jury. But in the opinion of the present writer, a court would, in such circumstances, always be warranted in holding, as a matter of law, that the illegal employment was the proximate cause of the injury. There appears to be no ground upon which it can reasonably be contended that an injury so received was not a natural and probable consequence of the tortious act. In fact, the very consideration which has led to the enactment of statutes of this description is that, in certain employments, children are so likely to be injured that it is desirable, as a matter of publice policy, to prevent them entirely from engaging in those employments. In this point of view the statutory prohibition may be regarded as being essentially a legislative pronouncement with regard to the question of proximate cause.''

The true question to be determined in passing on the point presented is: Does it appear from the petition that the unlawful employment cause the injury?

The petition shows that the injury resulted directly from exposure to a risk or danger incident to plaintiff's employment. It will be observed that the petition charges a violation by defendant of the provisions of section 1715, Laws of Missouri, 1911, and further alleges that the plaintiff, a minor, thirteen years of age, was injured while upon an elevator and engaged in the performance of duties in the line of his unlawful employment. Thus, under the rule heretofore announced, a causal connection between the unlawful employment of plaintiff and the injury sustained by him is shown. We conclude that the petition states a cause of action. [48 L. R. A. (N. S.) 661, 664; Smith's Admr. v. National Coal & Iron Co., 135 Ky. 671, 117 S. W. 280, Boesel v. Wells Fargo & Co., 260 Mo. 479, 169 S. W. 110; Riegel v. Biscuit Co., 169 Mo. App. 517, 155 S. W. 59; Casteel v. Brick Co., 83 Kans. 537; Norman v. Coal Co., 68 W. Va. 406; Casperson v. Michaels, 142 Ky. 318, 134 S. W. 200; Starnes v. Albion Mfg. Co., 17 L. R. A. (N. S.) 666; Iron & Wire Co. v. Green, 108 Tenn. 161, 65 S.

W. 399; Queen v. Dayton Coal & Iron Co., 95 Tenn. 464, 32 S. W. 460; Morris v. Stanfield, 81 Ill. App. 264; Inland Steel Co. v. Yedinak, 172 Ind. 428; Starnes v. Manufacturing Co., 147 N. C. 556; 4 Labatt M. and S. 4756, sec. 1571a, and authorities there cited.]

It follows that the judgment of the circuit court should be reversed and the cause remanded. The commissioner so recommends.

PER CURIAM:—The opinion of Bruere, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly reversed and the cause remanded. *Allen P. J.,* and *Becker,* and *Daues, JJ.,* concur.