## THOMAS BRADY'S CASE.

Suffolk.    March 26, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

Upon an appeal from a decree of the Superior Court dismissing a claim under the workmen's compensation act, it appeared that findings by a single member of the Industrial Accident Board had been adopted by the board, who had awarded compensation, and that the findings in substance were, that the employee, in accordance with instructions of his employer, had gone to a part of the employer's premises to procure luncheons for his fellow employees; that the lunch counter extended from wall to wall across a landing and that the means of access to and egress from space behind it was a hinged portion of the counter which could be raised or lowered; that on the day of the injury this hinged portion had resting on it a coffee urn and under it milk cans, thus closing that means of access and egress; that, in order to expedite his work, the claimant jumped over the counter and in jumping back struck his head on an overhead beam.   *Held*, that

(1) It could not be said as a matter of law that conclusions of the board, that the accident arose out of and in the course of the claimant's employment, were wrong;

(2) The mere fact, that the employer's superintendent testified that it was his "understanding that the claimant should wait in front of the counter," would not render such conclusions by the board wrong, it appearing that this understanding was not in any way communicated to the claimant, who for nearly seven months had assisted at the counter with the knowledge of the superintendent;

(3) The decree of the Superior Court was reversed and a decree ordered awarding compensation.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board confirming and adopting findings by a single member and awarding compensation to the claimant.

In a Superior Court the case was heard by *Morton*, J., by whose order there was entered a decree dismissing the claim. The claimant appealed.

*W. J. Foley*, for the claimant.

*L. C. Doyle*, for the insurer.

BRALEY, J. The claimant at the time of his injuries was employed by the Gillette Safety Razor Company in a department of its factory. The evidence warranted the following findings. By the order of the company's superintendent it was part of the claimant's duties each day to go to a part of the factory premises where the Snappy Lunch Company, an independent concern, had a lunch counter or stand, and get lunches for about seventy-five fellow employees in his department. The counter, which extended from wall to wall across a landing, was a little more than waist high with a hinged portion or leaf which could be raised and lowered thus forming a means of access to and egress from the space behind the counter. The instructions required him to get orders from the men in writing, with the required money, early in the morning, and take them to the counter about eleven o'clock where they were filled, and shortly before noon to return and obtain hot coffee. The coffee was poured from a large urn by employees of the factory into pitchers, and from pitchers into cups on a tray which the claimant then carried to the department for distribution. The coffee urn at the time of the accident was placed on the leaf of the counter, which prevented the leaf from being lifted, while the space underneath the leaf was filled with cases of milk. The claimant, who helped daily to prepare the lunches, confronted with these conditions, in order to expedite the preparation and delivery, jumped over the counter, but in attempting to jump back he came in contact with an overhead beam, striking his head, causing the injuries for which compensation is asked. While the evidence of the superintendent tended to show that it was his understanding that the claimant should "wait out in front of the counter," it is found that this understanding was not in any way communicated to the claimant who for nearly seven months had assisted at the counter with the knowledge of the superintendent.

We cannot hold as matter of law on the foregoing facts, that the conclusions of the board member, which were adopted by the full board on review, that the accident arose out of, and in the course of the claimant's employment

were wrong.  *Sundine's Case,* 218 Mass. 1.  *Pass's Case,* 232 Mass. 515.  *White* v. *E. T. Slattery Co.* 236 Mass. 28.

The decree dismissing the claim is reversed, and a decree is to be entered affirming the decision of the Industrial Accident Board which awarded compensation, the amount of which is not in dispute.

*Ordered accordingly.*