JOSEPH DALTON'S CASE.

Suffolk.    May 10, 13, 1932. — September 12, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act*, Procedure: amendment in Supreme Judicial Court; Injuries to which act applies; Findings by Industrial Accident Board.

Where, on appeal to this court from a decree of the Superior Court denying compensation in proceedings under the workmen's compensation act, the claimant contended that the case was not properly before this court because the insurance company named in the record as having presented the papers to the Superior Court was not the same as that which had appeared as insurer in the proceedings before the Industrial Accident Board, this court allowed a motion reciting that the insertion of the first

insurance company's name was a clerical error and requesting leave to correct such error by substituting the name of the insurer for the name stated.

Evidence in proceedings under the workmen's compensation act, that the employee, while working on some machinery in December, 1930, received a pull "back on his left arm and shoulder," had a "sharp pain all the way up through the arm" and into the shoulder, and "felt his shoulder go"; that he had been treated in 1928 for dislocation of that shoulder received while playing football; that, after the injury in 1930, he complained only of trouble with his wrist; that he had had no trouble with his wrist and arm before the injury in 1930; that, in January, 1931, a diagnosis showed a sprain of the wrist and dislocation of the shoulder; and that thereafter a precautionary operation was performed on his shoulder, warranted a finding by the Industrial Accident Board that incapacity for about a year after the injury in 1930 was "due to the aftermath of his shoulder trouble and the operation performed thereon," and an award of compensation for that period: an inference was not wholly unwarranted that the sprain of the wrist and wrench to the arm, received by the employee in his work, aggravated or aroused into new manifestations the injury to the shoulder previously sustained and thus rendered necessary the precautionary operation of 1931.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

A single member of the Industrial Accident Board found that "such incapacity as he [the employee] has had appears to have been and, I find, was due to the aftermath of his shoulder trouble and the operation performed thereon. I find that he was incapacitated from December 30, 1930, to November 10, 1931, the date of the hearing before me, a period of forty-five weeks." Material evidence and other material findings by the single member are stated in the opinion. His findings were affirmed and adopted by the board in review. In the Superior Court, a decree was entered by order of *F. T. Hammond*, J., dismissing the claim. The claimant appealed.

*B. Ginsburg*, (*S. J. Ginsburg & I. B. Alpert* with him,) for the claimant.

*E. E. Andrews*, for the insurer, submitted a brief.

RUGG, C.J. It appears from the record that the insurer in proceedings before the Industrial Accident Board was the Federal Mutual Liability Insurance Company and that the

"Presentation of Papers" to the Superior Court was by the Lumbermens Mutual Casualty Company. For that reason the employee contended that the case was not properly before this court since the latter company did not appear to be a "party in interest," who alone under G. L. c. 152, § 11, may present proper copies of papers in the Superior Court and seek review of the action of the board. Thereupon motion was presented, supported by adequate affidavit, setting out that this was a clerical error on the part of the person preparing the papers and that by accident and mistake the name of the latter company was inserted in the record in place of the insurer as presenting the papers and asking leave to correct this error, accident and mistake by substituting the name of the insurer for the name erroneously appearing as such. That motion presented by the insurer is allowed. There is nothing in *Sciola's Case*, 236 Mass. 407, *Chisholm's Case*, 238 Mass. 412, 416, or *Gillard's Case*, 244 Mass. 47, 56, which prevents the correction of such an error.

The question for decision is whether there is any evidence to support the findings and decision of the Industrial Accident Board. If there is, they must be accepted as final. They stand on the same footing in this respect as the verdict of a jury or the finding of a judge sitting without a jury in an action at law or on unreported evidence in a suit in equity. *Pigeon's Case*, 216 Mass. 51. *Pass's Case*, 232 Mass. 515.

The Industrial Accident Board affirmed and adopted the findings of the single member and awarded compensation to the employee. That finding was in substance that the employee testified in a convincing manner; that, although he told his doctor only of trouble with his wrist, his explanation was not unreasonable when coupled with the fact that having been injured on December 30, 1930, he went to the hospital on January 6, 1931, where his chief complaint was pain in the left wrist of one week's duration and a diagnosis was made of a sprain of that wrist and an X-ray taken of the left shoulder and diagnosis of acromio clavicular separa-

tion made. He had hypertrophic arthritis in the left shoulder. Later an operation was performed on that shoulder and such incapacity as he had was due to the aftermath of his shoulder trouble and the operation performed thereon. The employee was incapacitated for a period and compensation was awarded on that basis.

The employee testified that while working for the insured employer in its laundry he was pulling wet clothes out of a washing machine, which was a tub with metal washers in it, and "got hold of a net bag and the weight of it pulled him back on his left arm and shoulder" and he had a "sharp pain all the way up through the arm" and into the shoulder; that when "he pulled the clothes he felt his shoulder go"; that he did not have pain immediately before this pulling, and there had been no previous operation on that arm although he had trouble with it in 1928. Before this accident he was able to use his wrist and arm and had no trouble, and since then, although he has tried, he has not been able to work because his shoulder pained and bothered him. A fellow workman testified that he did not see the accident; that the employee told him shortly afterwards that he had "sprained his wrist pulling clothes out"; that the employee remained an hour or more walking around and working, "taking his time"; that he "complained that the wrist was sore and said that he could not stick it out after an hour or so," and then he left. Another fellow employee testified that the proprietor of the laundry told him that the employee got hurt, "to take him up the Square and try to get another fellow to work." A physician testified that the employee came to see him complaining that he had hurt his wrist while at work in a laundry; that he complained of nothing else and came to see him three times. The employee in September and October, 1928, was treated at the hospital for dislocation of the left shoulder, termed separation of acromio clavicular joint of humerus, received in playing football. On January 6, 1931, he was at the hospital again and diagnosis showed sprain of left wrist and acromio clavicular separation. An X-ray was taken later showing

the 1928 shoulder injury and hypertrophic arthritis, and a precautionary operation was performed to relieve that condition.

We think that it cannot be held in view of this evidence that the finding in favor of the employee was unsupported. The inference was not wholly unwarranted that the sprain of the wrist and wrench to the arm, received by the employee in his work, aggravated or aroused into new manifestations the injury to the shoulder previously sustained and thus rendered necessary the precautionary operation of 1931. *Sponatski's Case,* 220 Mass. 526. *Madden's Case,* 222 Mass. 487. *Brady's Case,* 256 Mass. 267. *Percival's Case,* 268 Mass. 50. *Hill's Case,* 268 Mass. 491, 493. The case at bar is distinguishable from decisions like *Sanderson's Case,* 224 Mass. 558, *Green's Case,* 266 Mass. 355, *Breault's Case,* 270 Mass. 256, and *Johnson's Case,* 278 Mass. 365.

*Motion to amend allowed.*
*Decree reversed.*
*Decree to be entered in favor of employee.*