## MANUEL FERREIRA'S CASE.

Suffolk.    November 12, 1935. — May 26, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

On conflicting evidence at the hearing of a claim by an employee under the workmen's compensation act, the Industrial Accident Board was warranted in finding that the employee, when injured, though not engaged in the specific task assigned to him, was assisting a fellow workman in work done in the employer's interest and not forbidden by the employer, and that the claimant's injury arose out of his employment.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, a final decree was entered by order of *Collins,* J., in accordance with the decision of the board. The insurer appealed.

*H. B. White,* for the insurer, submitted a brief.

*J. B. Nunes, (M. A. Goldberg* with him,) for the claimant.

DONAHUE, J.    The employee received an injury while, at the request of a fellow workman, he was helping to remove an accumulation of cotton waste from a carding machine which it was the latter's duty to operate.    The accumulation of waste prevented the operation of the machine.

The insurer has appealed from a decree entered in the Superior Court ordering that compensation be paid to the employee under the workmen's compensation act.    The decree was in accordance with a decision by the Industrial Accident Board affirming and adopting the findings and decision of a single member of the board.

The employee had been running carding machines during the two weeks prior to the day of the accident.    Before that his occupation had been "scraping carders" and also, when

called upon, helping the "boss grinder," who was in charge of the room where the accident happened, to fix carding machines. There was no evidence of any stated definition of the employee's duties when his occupation changed or of any rule having been posted by his employer forbidding his helping other employees. The "boss grinder," however, testified that it was not the employee's "job" to help another workman whose machine had "stuck"; that it was not the "job" of the workman operating a machine, if something went wrong, to try to fix it or to call upon a fellow employee to help him; that the workman operating the machine was supposed, if a machine stopped, to come to the witness and he or his assistant would fix it; and that if he "found an employee doing the job himself without having consulted him about it he would discharge him and he has never discharged anybody yet." This, if believed, would warrant the conclusion that the employee at the time of his injury was doing something which he had been forbidden to do. If that were so he would not be entitled to compensation since his injury could not be found to have arisen out of his employment, *Borin's Case*, 227 Mass. 452, 455, even though the purpose of his acts was to promote his employer's interests and not his own. *Koza's Case*, 236 Mass. 342, 345.

But the board was not obliged to believe this testimony in whole or in part, *Fitzgibbons's Case*, 230 Mass. 473, and there was other evidence with respect to what happened at the mill of the employer when carding machines needed to be fixed. The fellow workman whom the employee was trying to assist testified that when his machine "stuck" on the day in question he looked for the "boss" and not seeing him he asked help from the employee who, he knew, had in the past assisted the "boss" to fix machines; on other occasions when his machines needed fixing and he did not see the "boss" he called someone to help him. He further testified with respect to what was done on similar occasions: "If he doesn't see the boss he asks somebody else to help him. Before this the machine had stuck and if he did not see the boss he sometimes did it alone if it were a little job. If it

took two men and he did not see the boss he would get the next man to help him. Sometimes he would tell the boss he had got somebody else, and the boss never said anything to him."

On this evidence, if believed, it could have been found that the employee was not, at the time of his injury, doing something which had actually been forbidden by the employer. Or it could have been found that even if there had been such a prohibition it had not been communicated to the employee and therefore was not binding on him. *Brady's Case*, 256 Mass. 267, 268. Or it could have been found that if such a rule had once been operative its observance was no longer required by the employer and it was not in effect at the time of the accident. *Von Ette's Case*, 223 Mass. 56, 60.

Even though it could be found that the activity in which the employee was engaged at the time he suffered injury was not positively prohibited by the employer, it is necessary to consider whether what the employee did was within the scope of his employment and not a voluntary incurrence of a danger not incidental to his contract of employment. See *Roberts's Case*, 284 Mass. 316. The facts here do not present the situation where the employee was doing something for his own convenience, comfort or advantage. He manifestly was helping in a task which could not be done by the operator of the machine alone and which must be done before his fellow workman could continue to do the work which he was paid to do. The employee was acting to advance the interests of his employer. He was not undertaking to do something which he had never done before. What he did was the sort of thing he had long been doing when called upon by the "boss grinder." There was evidence on which it could have been found that the task undertaken was not a complicated one. With the knowledge of the "boss grinder" and without any objection the operator of the carding machine in question, in the past when the "boss grinder" was not in sight, had called upon other employees to assist in remedying similar situations.

From all these circumstances which might have been found to exist, we think it cannot be said that there was no

evidence to support a finding by the single member and the board that the employee's injury arose out of and in the course of his employment. *Savage's Case,* 222 Mass. 205. *Biscardi's Case,* 284 Mass. 14, 19. It follows that the decree awarding compensation was properly entered.

*Decree affirmed.*