FREDERICK WEST'S CASE.

Suffolk. November 4, 1942. — January 28, 1943.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Workmen's Compensation Act,* Double compensation; Serious and wilful
misconduct of employer; Minor; Agreement as to compensation;
Procedure: findings by Industrial Accident Board; Serious and wil-
ful misconduct of employee. *Minor. Notice. Proximate Cause.
Contract,* Of employment.

To entitle an employee to double compensation by reason of serious and
wilful misconduct of his employer as defined in § 28 of G. L. (Ter.
Ed.) c. 152, as amended by St. 1934, c. 292, § 2, in employing him to
clean hazardous machinery in motion in violation of c. 149, § 62 (3),
it is not necessary to show knowledge on the part of the employer
that the employee was under eighteen years of age, the age stated in
§ 62; it is sufficient if the employer knew that he was a minor.

Evidence of the weight, height and appearance of an employee, often
seen by his employer, which would indicate to the ordinary person
that he was not over twenty-one years of age, warranted a finding
that the employer knew that the employee was a minor.

Upon a claim for double compensation under § 28 of the workmen's com-
pensation act, as amended by St. 1934, c. 292, § 2, the making of an
agreement for compensation between the employee and the insurer
under § 6 did not preclude the employer from contending that the
injury received by the employee did not arise out of and in the course
of his employment, or that the employee was guilty of serious and
wilful misconduct and therefore was not entitled to double compen-
sation.

A statement by a single member of the Industrial Accident Board in a
proceeding under the workmen's compensation act, that it "would
appear that the contract of hire contemplated" certain work, was not
intended as a finding to that effect in view of a previous ruling by
him that in the circumstances of the case the issue, whether the in-
jury arose out of and in the course of the employment, was not open.

An employee seeking double compensation under § 28 of the workmen's
compensation act, as amended by St. 1934, c. 292, § 2, has the burden
of proving every essential fact necessary to the establishment of such
claim.

CERTIFICATION to the Superior Court under the work-
men's compensation act of a decision by the Industrial
Accident Board awarding double compensation.

The case was heard by *Williams*, J., and a final decree was entered denying the claim for double compensation. In this court the case was submitted on briefs.

*J. Bear*, for the claimant.

*M. J. Aldrich*, for the employer.

RONAN, J. The employee, a young man less than eighteen years of age, was hired on October 14, 1938, and put to work on a carding machine, a machine consisting of a series of revolving rolls, the surfaces of which were covered by fine brush like wire that combed the material as it was drawn through the machine. One of these rolls, known as the doffer, revolved two to six times a minute when the machine was in operation. The principal roll, called the cylinder, was five or six feet in diameter and made eighty to ninety revolutions a minute when the machine was in use. Lint from the material supplied to the machine became gradually accumulated upon the wires on the surface of these various rolls, and it became necessary from time to time to remove it. Two or three days after the employee was hired to feed material into this machine he was shown by one Mittel, the president of the employer, the manner in which the lint should be removed from the doffer while it was in motion. The employee had also assisted the foreman in cleaning the cylinder when the machine was stopped. The foreman had told him that the next time the cylinder was cleaned they would do it while the cylinder was in motion, but he did not tell him that he intended to do this by reversing the direction of the cylinder. There was evidence that on one occasion while the employee was attempting to clean one of the rapidly moving rolls, he was warned not to do so. He was injured on October 26, 1938, when, while cleaning the cylinder which was in motion, his arm was drawn into the machine and was so badly injured that amputation was necessary.

The single member found that Mittel knew the employee was a minor when he hired him to clean hazardous machinery in motion, and that this constituted a violation of G. L. (Ter. Ed.) c. 149, § 62 (3), and was serious and wilful misconduct on the part of the employer as defined

by G. L. (Ter. Ed.) c. 152, § 28, as amended by St. 1934, c. 292, § 2. He also found that the employee was permitted to clean the doffer while it was in motion and that he had been warned only against the fast moving machinery; that it was left to his judgment to clean the machine "without stopping it, and that at his age and with his experience he was justified in thinking he could and in trying to remove lint from the other rollers, including the big cylinder, without shutting off the power and stopping the work." He made an award of double compensation. His findings were affirmed and adopted by the reviewing board. The employee appealed from a decree of the Superior Court denying his claim for double compensation.

General Laws (Ter. Ed.) c. 152, § 28, as amended by St. 1934, c. 292, § 2, governing the payment of double compensation to an employee who is injured by reason of the serious and wilful misconduct of an insured person, provides that "The employment of any minor, known to be such, in violation of any provision of sections sixty to seventy-four, inclusive, or of section one hundred and four of chapter one hundred and forty-nine shall constitute serious and wilful misconduct under this section." It is prohibited by G. L. (Ter. Ed.) c. 149, § 62, to "employ a minor under eighteen or permit him to work . . . (3) in oiling or cleaning hazardous machinery in motion." The employment of a minor who is less than eighteen years of age to oil or clean dangerous machinery while it is in motion or to permit him to do such work is a violation of the section last cited, even if the employer honestly believed that the employee was over such age. *Commonwealth* v. *Mixer*, 207 Mass. 141. *Commonwealth* v. *Sacks*, 214 Mass. 72. *Commonwealth* v. *Closson*, 229 Mass. 329. But more than a mere violation of this section is required to entitle the employee to double compensation. It must be shown that when he was hired or permitted to do work of the character mentioned his employer knew that he was a minor. The findings are to the effect that both Mittel and his bookkeeper "disregarded intentionally the claimant's age" and that the "weight, height and

appearance" of the employee "might justify a conclusion
that he was then over eighteen years, but not that he was
then over twenty-one years of age." This was a finding
that the ordinary man observing the employee would
know that he was a minor. *Commonwealth* v. *O'Brien*,
134 Mass. 198. *McLoughlin* v. *Sheehan*, 250 Mass. 132.

The employer contends that knowledge by the employer
that the employee was less than twenty-one years of age
is not enough, for there could be no violation of § 62 (3)
unless the employee was less than eighteen years of age,
and, consequently, it must be shown that the employer
knew that the employee was less than this last mentioned
age before there could be a violation of § 62 (3) constituting
serious and wilful misconduct. "The employment of
any minor, known to be such" in violation of certain
provisions of c. 149 is the act that comprises serious and
wilful misconduct upon the part of the employer. As a
matter of grammatical construction, the clause "known
to be such" modifies the word minor. The general rule
governing statutory interpretation is that a modifying
clause is confined to the last antecedent unless the dominant
purpose of the statute forbids such an interpretation.
*Cushing* v. *Worrick*, 9 Gray, 382. *Clarke* v. *Treasurer &
Receiver General*, 226 Mass. 301. *Opinion of the Justices*,
286 Mass. 611. *Hopkins* v. *Hopkins*, 287 Mass. 542.
*Kruger* v. *John Hancock Mutual Life Ins. Co.* 298 Mass.
124. The construction contended for would require proof
that the employer knew the one employed was not only
a minor but that he was less than eighteen years of age.
Knowledge of minority, not knowledge of the age of the
minor, is all that the statute demands. If knowledge of
the age of the minor were intended, it would have been
an easy matter to express that intent. We cannot read
into a statute words that the Legislature did not see fit
to embody in the enactment. We are bound to interpret
a statute as it is written. *Thacher* v. *Secretary of the Com-
monwealth*, 250 Mass. 188. *Arruda* v. *Director General
of Railroads*, 251 Mass. 255. *Commonwealth* v. *S. S. Kresge
Co.* 267 Mass. 145. *Attorney General* v. *J. P. Cox Adver-*

*tising Agency, Inc.* 298 Mass. 383. *Kennedy* v. *Consolidated Motor Lines, Inc.* 312 Mass. 84. And the adoption of the interpretation contended for would result in limiting the liability of the employer to instances only in which it could be shown that he knowingly violated § 62 (3) of c. 149, when the plain intent of § 28, as amended, is to make the employer liable if he hires one, for the performance of the prohibited occupations, who he knows is a minor, even if he does not know that he is under the age at which he could lawfully be employed for the performance of such work. This accords with other provisions of the child labor law, imposing duties upon employers hiring minors to procure permits and educational certificates. G. L. (Ter. Ed.) c. 149, §§ 86, 95. Restrictions upon the freedom of contract imposed in the interests of society in general and for the benefit of minors in particular must be observed by those seeking to avail themselves of the services of those under age. *Commonwealth* v. *Griffith,* 204 Mass. 18. *Berdos* v. *Tremont & Suffolk Mills,* 209 Mass. 489. *Commonwealth* v. *Hong,* 261 Mass. 226.

The evidence supports the finding that the employer knew that the employee was a minor. Proof of actual knowledge is frequently shown where one is in possession of information of such weight and reliability that men commonly act upon it as true. Absolute certainty is not required. Here the employer had seen the employee on a number of occasions and had conversed with him. He was in as good a position to observe his age as was the single member, who found that his appearance indicated that he was less than twenty-one years of age. Personal observation of another is an adequate basis upon which to estimate his age. The circumstances are persuasive that the employer had acquired sufficient information to apprise him of the minority of the employee. *George* v. *Kent,* 7 Allen, 16. *Kemp* v. *Hammond Hotels,* 226 Mass. 409. *Walkden's Case,* 237 Mass. 115. *Garvey* v. *McNulty,* 270 Mass. 260. As the board ruled, the employer could not avoid the consequence of knowledge of the employee's age by remaining

in wilful ignorance. "If a person confronted with a state of facts closes his eyes in order that he may not see that which would be visible and therefore known to him if he looked, he is chargeable with 'knowledge' of what he would have seen had he looked." *Zdunek* v. *Thomas*, 215 Wis. 11, 15. *Gamble* v. *Black Warrior Coal Co.* 172 Ala. 669. *Wheaton* v. *Nolan*, 3 Cal. App. (2d) 401. *Wolf* v. *Mallinckrodt Chemical Works*, 336 Mo. 746. *Daly* v. *Swift & Co.* 90 Mont. 52. *Taylor* v. *Moore*, 87 Utah, 493.

The board made no finding concerning the scope of employment of the employee. There was evidence that he was hired to feed material into the carding machine; that he was instructed to clean the doffer while it was in motion, but not to clean the cylinder unless the machine was stopped. There was also evidence that the cleaning of a carding machine was an incident of its operation and that it was a part of the duties of the employee to remove the lint accumulated upon the rolls. *Dagis* v. *Walworth Manuf. Co.* 213 Mass. 524. *Ferreira's Case*, 294 Mass. 405. He could lawfully be employed for the purpose of putting material into the machine. If he was employed to clean the doffer while it was in motion and that was hazardous machinery, then such employment was forbidden by G. L. (Ter. Ed.) c. 149, § 62 (3). If his employment included the cleaning of the cylinder and he was instructed not to do so while it was in motion, then the fact that his injury was sustained in cleaning it while the machine was in motion would not necessarily preclude him from compensation unless his conduct was such as to constitute serious and wilful misconduct, and unless doing in a forbidden manner what he was hired to do could be said not to be the proximate consequence of hiring him in violation of G. L. (Ter. Ed.) c. 149, § 62 (3), or, in other words, unless there was not a causal connection between the injury and the illegal employment. The purpose of the last mentioned statute was to prevent minors under eighteen years of age from being exposed to dangers that they might not fully realize on account of their youth, inexperience, lack of foresight and want of restraint. There was evidence that it was easier to clean the machine while

it was in operation. Indeed, the employee had, according to the evidence, been informed that such a method was to be used in cleaning the cylinder. While there may have been less danger in cleaning the doffer than in cleaning the cylinder while both were in motion, the matter was one of degree. An employer is absolutely prohibited from employing one under eighteen years of age to oil or clean hazardous machinery in motion, and the hiring of such a minor to clean all the revolving rolls — some while they were in motion and the rest while they were stationary — not only afforded an opportunity for the minor to clean all of them while in operation but, having in mind the impetuosity and heedlessness of youth, the board might find that this would result in his cleaning all of them while in motion. For a minor to perform his duties by attempting to clean all of the rolls while they were in motion might not be outside of the exercise of his employment. We think it could be found in these circumstances to be a risk arising out of his employment. It was the avoidance of just such a risk that the statute aimed to accomplish. We do not agree with the employer's contention that he could be found liable under G. L. (Ter. Ed.) c. 152, § 28, as amended, only for injuries received by the employee in cleaning the doffer while it was in motion. So to limit liability would deprive the minor of the benefits conferred upon him by this statute and would permit the employer to avoid the natural and probable consequences of the misconduct described in the statute. The board ought to have made a finding as to whether the injury arose out of and in the course of the employment. There was evidence, if adopted by the board, sufficient to show a causal connection between the injury and the illegal employment. *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489. *Pierce's Case*, 267 Mass. 208. *Gill* v. *Boston Store of Chicago, Inc.* 337 Ill. 70. *Brower* v. *Locke*, 31 Ind. App. 353. *Casteel* v. *Pittsburg Vitrified Paving & Building Brick Co.* 83 Kans. 533. *Casperson* v. *Michaels*, 142 Ky. 314. *Szelag* v. *Jordan*, 223 Mich. 672. *Mylett* v. *Montrose Cloak & Suit Co.* 211 Mo. App. 635. *Curtis & Gartside Co.* v. *Pigg*, 39 Okla. 31. *Miller Manuf. Co. Inc.*

v. *Loving*, 125 Va. 255. *Sharon* v. *Winnebago Furniture Manuf. Co.* 141 Wis. 185.

The case is distinguishable from *Lazarz's Case*, 293 Mass. 538, where the minor was performing work he was not employed to do.

The employee and the insurer had made an agreement for compensation under G. L. (Ter. Ed.) c. 152, § 6, and payments had been made thereunder prior to the filing of this claim for double compensation. The single member, and the board in affirming and adopting the findings and rulings of the single member and in denying certain requests made by the employer, ruled that the issues, whether the employee's injury arose out of and in the course of his employment and whether it was caused by his serious and wilful misconduct, were settled by the agreement and were not open to the employer. When an agreement for compensation has been made and approved in accordance with § 6, then all further inquiry into the merits of the original claim both as to liability and the amount of compensation for the period covered are, in the absence of fraud, accident or mistake, conclusively settled. *Kareske's Case*, 250 Mass. 220. *McCracken's Case*, 251 Mass. 347. *Perkins's Case*, 278 Mass. 294. *MacKinnon's Case*, 286 Mass. 37. *Miller* v. *Richards*, 305 Mass. 424. The immediate parties to an agreement for compensation are the employee and the insurer. In making and performing the terms of the agreement, the insurer is acting in its own behalf and is carrying out the provisions of the contract of insurance made between it and the employer. The responsibility for making payments for the ordinary claims for compensation rests upon the insurer, and the acceptance by the employee of payments from the insurer "shall constitute a release to the insured of all claims or demands at law, if any, arising from the injury." G. L. (Ter. Ed.) c. 152, § 23. The purpose of this section, which has always been a part of the workmen's compensation act, see St. 1911, c. 751, Part V, § 1, was to prevent an employee, who had proceeded under the act, from enforcing any rights at common law or under the employers' liability statutes against the employer. It did

not bar him from taking other and further proceedings under the act. The effect of this section, however, was to release the employer from liability in actions at law and to that extent conferred a benefit upon him. This section, however, did not affect the responsibility of the insurer to make payments to the employee or give the employer any supervision, control or voice in the terms of an agreement for compensation that the insurer, with the approval of the board, might make with the employee. But an entirely different situation is presented when the employee asserts a claim for double compensation on the ground that his injury is due to the serious and wilful misconduct of the employer. Such a claim was not included in the agreement for compensation. It charged the employer with "conduct of a quasi criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences." *Burns's Case*, 218 Mass. 8, 10. *Beckles's Case*, 230 Mass. 272. *Sciola's Case*, 236 Mass. 407. *Silver's Case*, 260 Mass. 222. *Lazarz's Case*, 293 Mass. 538. The establishment of the claim carries with it an obligation to double the compensation that in the first instance is to be paid by the insurer, which is entitled to be reimbursed by the employer to the extent of this additional compensation. The ultimate burden to this extent is placed upon the employer. The statute, G. L. (Ter. Ed.) c. 152, § 28, as amended, creates the liability which may be incurred by an employer when such a claim is filed for double compensation, and provides that he "may appear and defend against such claim only." The employer, therefore, becomes a real party in interest. He has the right to "defend against such claim only." The purpose of these words is to prevent the employer from appearing in any proceeding other than the one in which it is sought to prove the claim for double damages, but they do not restrict him from employing all available defences in contesting the claim. He is given more than the right to deny the claim or to show that he was not guilty of the conduct charged. His right to defend is as broad as the claim itself, and he

has the right to attack every element necessary for the employee to prove to maintain the claim. Unless the employee proves that the injury arose out of and in the course of his employment, and unless he proves that he himself was free from serious and wilful misconduct, he is not entitled to prevail. *Borin's Case,* 227 Mass. 452. *Koza's Case,* 236 Mass. 342. *Eifler's Case,* 276 Mass. 1. *Lazarz's Case,* 293 Mass. 538. *Ferreira's Case,* 294 Mass. 405. *Wozniak's Case,* 299 Mass. 471. The employer is entitled to his day in court, and he ought not to be precluded by any matters involved in the agreement for compensation upon which he had no previous opportunity to be heard. *Burlen* v. *Shannon,* 3 Gray, 387. *Eaton* v. *Walker,* 244 Mass. 23. *Cleaveland* v. *Malden Savings Bank,* 291 Mass. 295. *Sandler* v. *Silk,* 292 Mass. 493. *Pesce* v. *Brecher,* 302 Mass. 211.

There was error in the ruling that the issues as to whether the injury arose out of and in the course of the employee's employment and whether any serious and wilful misconduct on his part contributed to his injury were settled adversely to the employer by the agreement for compensation and were not open in this proceeding, and in denying requests for rulings directed to these issues. The statement of the single member that it "would appear that the contract of hire contemplated cleaning the 'doffer' and slow moving parts" but not the cylinder while it was in motion, was not a finding as to the scope of employment and, in view of his previous ruling that the sphere of employment was not open, was not intended as a finding on this phase of the case. These issues presented questions of fact which should have been determined by the board. *Swardleck's Case,* 264 Mass. 495. *Batts's Case,* 295 Mass. 335. *Maguskas's Case,* 298 Mass. 80.

The requests for rulings need little discussion. The filing of most of the twenty-six requests was unnecessary and inconsistent with the procedure of the act which was designed to "be as simple and summary as reasonably may be." G. L. (Ter. Ed.) c. 152, § 5. The first request, to the effect that the burden was upon the employee to prove every essential fact necessary to entitle him to double compensa-

tion, should have been granted. *Sponatski's Case,* 220 Mass. 526. *Johnson's Case,* 279 Mass. 481. With the exception of this request and the requests dealing with the two issues already discussed there was no reversible error in denying the requests. *Brown's Case,* 228 Mass. 31. *Belezarian's Case,* 307 Mass. 557.

The decree entered in the Superior Court is reversed, and a decree is to be entered remanding the case to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*