FRANCIS E. LAWRENCE'S CASE.

Hampden.    April 8, 1953. — May 27, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

The fact that a new employee in a factory, in order to push wool down through an opening in the floor of the storage room to supply machines on the floor below, climbed over a guard rail around the opening and held onto the rail with one hand while working with the other, as had another employee instructing him in his duties, did not as matter of law preclude a finding that an injury sustained by him when he slipped and fell through the opening to the floor below arose out of and in the course of his employment within the workmen's compensation act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Giles, J.*

*Raphael B. Hartley*, for the insurer.

*Frank Hurley*, for the claimant.

WILLIAMS, J.   There was evidence that the claimant was injured on July 10, 1951, while employed by Hart Top Manufacturing Company in its plant in Holyoke.   He was hired to feed raw wool into a feeding machine and his injuries were received on the first night of his employment. He was told by the foreman to work with a man called "Red" who would show him his duties.   After working for a time on the feeding machine, he was taken upstairs by "Red" to get more wool.   In the storage room or bin there was an opening in the floor through which wool was pushed so that it might fall to the floor where the machines were located.   The opening was twenty-six inches wide and from six to eight feet long and was protected in front and along the sides by an iron pipe railing.

A single member of the Industrial Accident Board found that when raw wool was needed for the machines "some one

of the employees" would go upstairs to a bin and push the wool down through the opening in the floor. The foreman placed the employee in the care of "Red" (Arthur Lavoie) to show him his duties. "'Red' . . . went upstairs with the claimant, climbed over the railing, holding onto it with one hand and reaching over with the other to push the wool down through the opening." The claimant "did likewise, and while pushing the wool down through the opening slipped and fell through the opening to the floor below" sustaining serious injuries. The single member decided that the employee sustained a personal injury arising out of and in the course of his employment; "that the employee's injuries were not due to nor sustained by him as a result of an added hazard not contemplated by his employment"; and that "he was not guilty of any serious or wilful misconduct." The findings and decision of the single member were adopted by the reviewing board. The insurer appealed from a decree of the Superior Court entered in conformity with the reviewing board's findings and decision.

The appellant does not question that the findings of the reviewing board must stand if there is any evidence to support them, *Bajdek's Case*, 321 Mass. 325, 326, and makes no complaint as to the negative finding in reference to serious and wilful misconduct. It contends that the finding that the employee went inside the guard rail establishes as matter of law that he "incurred an additional risk which was neither contemplated by his contract of employment nor incidental to it." An injury must arise out of and in the course of his employment to entitle the employee to compensation (G. L. [Ter. Ed.] c. 152, § 26) and mere negligent conduct on his part does not preclude him from the protection of the act. *Shute's Case*, 290 Mass. 393, 397. Whether the employee's injury in the instant case arose out of his employment was a question of fact to be decided by the board. *Lazarz's Case*, 293 Mass. 538, 540. *Moore's Case, ante*, 1, 5. It is plain that the act of pushing wool through the opening to supply the feeding machines on the lower floor could be found to be incidental to the op-

eration of the machines and to be work contemplated by the contract of employment. See *Ferreira's Case*, 294 Mass. 405. The employee's only deviation from the conduct expected of him was to go inside the guard rail to push the wool. In doing this his behavior was similar to that of the man who was instructing him in his duties. As in *Maguskas's Case*, 298 Mass. 80, 81, where an elevator operator fell down the elevator shaft while leaning in to pull the shipper rope, we think "there was nothing which as matter of law compelled a conclusion that the employee's conduct was so unreasonable as to amount to a complete departure from his employment." The decision of the board was amply warranted by the evidence. Compare *Lazarz's Case, supra*, and *Wozniak's Case*, 299 Mass. 471, where the decision of the board was adverse to the claimant.

The decree of the Superior Court is affirmed. Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*So ordered.*