FRANK G. THACHER *vs.* SECRETARY OF THE COMMONWEALTH.

Middlesex.   October 20, 1924. — October 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Primary. Elections. Statute,* Construction. *Mandamus.*

Under the provisions of G. L. c. 50, §§ 1, 2; c. 53, §§ 1, 24; c. 54, § 158, if at a primary of a political party for the nomination of two candidates for election as county commissioners of Barnstable County, the names of three persons are on the ballot, two of whom live in the same town,

and such two receive the highest number of votes, the name of the one who received the second highest number of votes cannot be placed on the ballot for the election.

*Whether*, in the circumstances above described, a petition for a writ of mandamus directed to the Secretary of the Commonwealth was the proper method to be pursued by the candidate at the primary, who received the second highest number of votes and was refused a place on the ballot at the election, to raise the question whether his name should be on the ballot at the election, was not determined.

PETITION, filed in the Supreme Judicial Court on October 14, 1924, for a writ of mandamus requiring the Secretary of the Commonwealth to place on the official ballot to be used at the State election to be held on November 4, 1924, the name of the petitioner as a candidate of the Republican party for election to the office of county commissioner for the county of Barnstable and to desist from placing on that ballot the name of Benjamin F. Bourne as a candidate of the Republican party or otherwise for election to the office of county commissioner for the county of Barnstable.

The petition was heard by *Carroll*, J. Material evidence is described in the opinion. The single justice, "as matter of law without regard to the element of discretion," ruled that the writ ought not to issue, dismissed the petition, and reported the case to the full court for determination.

*H. F. R. Dolan*, (*J. H. Morson* with him,) for the petitioner.

*A. Lincoln*, Assistant Attorney General, for the respondent.

RUGG, C.J. This is a petition for a writ of mandamus to compel the Secretary of the Commonwealth to place upon the official ballot, to be used in the county of Barnstable at the State election on the fourth of November next, the name of the petitioner as a candidate of the Republican party for the office of county commissioner; and to desist from placing upon that ballot the name of Benjamin F. Bourne as such candidate. The essential facts are that the petitioner is a resident of the town of Barnstable in the county of Barnstable. At the primaries held on the ninth day of September last, the name of the petitioner appeared upon the official ballot as a candidate for the Republican nomination for the office of county commissioner of the county of Barnstable, as did also the names of John D. W.

Bodfish of said Barnstable, Benjamin F. Bourne of Bourne and Arthur Underwood of Falmouth, all within said county. As a result of the primary as certified to the Secretary of the Commonwealth, Bodfish received one thousand nine hundred forty-five votes, the petitioner one thousand eight hundred eighty-seven votes, Bourne one thousand seven hundred sixty-nine votes, and Underwood one thousand one hundred twenty-seven votes. Thereupon the respondent determined to place upon the official ballot for the State election in Barnstable county as candidates of the Republican party for the two vacancies in office of county commissioners the names of Bodfish and Bourne and to omit from the official ballot the name of the petitioner.

The pertinent provisions of the statutes are that two persons are this year to be elected county commissioners for the county of Barnstable. G. L. c. 54, § 158. The same section provides that " Not more than one of the county commissioners . . . shall be chosen from the same city or town." By G. L. c. 50, §§ 1, 2, in elections of county officers " the person receiving the highest number of votes for an office shall be deemed and declared to be elected to such office; and if two or more are to be elected to the same office, the several persons, to the number to be chosen to such office, receiving the highest number of votes, shall be deemed and declared to be elected. . . . " That statute governs primaries. G. L. c. 53, § 24. These words are found in G. L. c. 53, § 1: " At any primary, caucus or convention held under this chapter, each party having the right to participate in or hold the same may nominate as many candidates for each office for which it has the right to make nominations therein as there are persons to be elected to that office, and no more."

The general purpose of the Legislature in enacting the statutes regulating primaries and elections was to make a reasonably consistent and harmonious body of law which should afford to qualified citizens an opportunity to cast votes efficient to express their preferences and which should have the final result of filling the offices required by law. Plain omissions in the law to provide for exigencies which

may arise cannot be supplied by those charged with administering the law or by the courts in construing and interpreting the statutes. It is the duty of the courts to discover the real meaning contained in the words used in a statute, to elucidate the signification of those words, and to correlate the several parts of a complicated enactment so as to give a rational and workable effect to the whole so far as practicable.

No contention has been made that the name of Bodfish ought not to be upon the official ballot as a Republican candidate for the office of county commissioner for Barnstable county. He is a resident of Barnstable. The petitioner also is a resident of Barnstable. It is manifest that if the names of both Bodfish and the petitioner appear upon the official ballot only the one of them receiving the larger number of votes can be declared elected. G. L. c. 54, § 158. The provisions of G. L. c. 53, §§ 1, 24, must be read in the light of that dominant requirement. We interpret all of these provisions to mean as applied to the facts of the case at bar that at a primary of any political party for the nomination of candidates where two or more persons are to be elected to an office, such political party may nominate as many candidates with such qualifications as to residence or otherwise as may be elected to such office. The party nominations must be effective to the end of an election so that any party may nominate as many such candidates only as may be elected under the law. More narrowly stated, the word " candidates " in the first sentence of G. L. c. 53, § 1, signifies " candidates capable under the law of being elected."

No question has been raised as to the form of the remedy. Since the petition must be dismissed, there is no objection to stating grounds of substantive law requiring that result without considering the form of the remedy or the effect of the provisions of G. L. c. 53, § 12, as to the functions of the State ballot law commission.

*Petition dismissed.*