Cowin, J.
Plaintiff Thomas K. Doherty (“Doherty”) commenced this action in the nature of certiorari seeking judicial review of a Somerville District Court decision affirming defendant Medford Retirement Board’s (the “Board”) rejection of his request for a retirement account refund. Doherty has now moved for summary judgment. For the reasons discussed below, plaintiffs motion is denied, and the decision of the District Court is affirmed.
BACKGROUND
The Board denied Doherty’s application for a refund of his accumulated total deductions in his retirement account. The Board’s decision was based on its finding under G.L.c. 32, §15(1) that Doherty misappropriated city funds in excess of the amount of his retirement deductions, which equalled $28,276.32 as of December 31, 1987.[1] The Board found that Doherty was responsible for providing his son, Michael Doherty, with an advance copy of the October 1983 police entrance exam. Michael Doherty took the examination, scored 100 on the test, and was subsequently hired by the Medford Police Department. The Board found that the total compensation paid to Michael Doherty amounted to $157,050.55, and constituted a misappropriation of city funds within the meaning of G.L.c. 32, §15(1). Thus, under said section, Doherty forfeited all rights to a return of his accumulated retirement deductions.
The decision of the Board was based upon a review of Michael Doherty’s grand jury testimony, and the transcript of Doherty’s federal district court trial in which he was acquitted of the criminal charge of stealing the exam. Utilizing a civil standard of proof, the Board found that it believed the evidence that Doherty had provided the exam to his son.
Doherty appealed the Board’s decision to the Somerville District Court, pursuant to G.L.c. 32, §16(3). The Court affirmed the Board, and Doherty brought this action in the nature of certiorari, under G.L.c. 249, §4.[2] Doherty now seeks summary judgment.
*234 DISCUSSION
“Review under G.L.c. 249, §4 is limited to correcting ‘substantial errors of law that affect material rights and are apparent on the record.’ ” Gloucester v. Civil Service Commission, 408 Mass. 292, 297 (1990), quoting Debnam v. Belmont, 388 Mass. 632, 635 (1983). Therefore, an inquiry into the presence of genuine issues of material fact, relevant to summary judgment procedure, is inappropriate. Id. The court need only consider “whether the Board’s [Court’s] decision was ‘legally tenable and supported by substantial evidence on the record as a whole.’ ” Id., quoting Commissioner of Health and Hosps. of Boston v. Civil Serv. Cornm’n, 23 Mass.App.Ct. 410, 411 (1987). Furthermore, the “reviewing court is not empowered to make a de novo determination of the facts, to make different credibility choices, or to draw different inferences from the facts found by the [agency or court].” Retirement Board of Brookline v. Contributory Retirement Appeal Board, 33 Mass.App.Ct. 478, 480 (1992), review denied, 414 Mass. 1101 (1992).
In the present case, the Board based its decision on the transcript of Doherty’s federal criminal trial and the grand jury testimony of Michael Doherty.[3] In particular, the Board found credible the testimony of Joseph Bangs, an individual who described how he had gone to Doherty’s home and discussed the exam with Doherty and his son. While there, Bangs said that he saw examination forms and answers for the upcoming October 1983 Medford police entrance examination in the control of Thomas Doherty and Michael Doherty. The Board also considered Michael Doherty’s testimony where he acknowledged that he had taken the test, that he had never taken a civil service test before, that he did not study for it, and yet achieved a perfect score.
The decision of the Board in this matter is clearly supported by substantial evidence. Despite Doherty’s attempt to discredit Mr. Bangs’s testimony (because of his motive to lie, his use of cocaine, etc.), questions of credibility are for the Board. It is the Board’s exclusive function to weigh the credibility of witnesses and resolve factual disputes. See Cepulonis v. Commissioner of Correction, 15 Mass.App.Ct. 292, 295 (1983). They have done so and, on this record, the Board’s findings are supported by substantial evidence. Therefore, the District Court’s action affirming the decision of the Board is legally correct.[4]
Right to a jury trial
Doherty also argues that G.L.c. 32, §15(1) is a “penal or punitive” statute, thereby entitling him to a civil jury trial before the Board can recoup his retirement contributions.
Penal statutes are those statutes “designed to enforce the law by punishing offenders, rather than simply by enforcing restitution to those damaged.” Collatos v. Boston Retirement Board, 396 Mass. 684, 686 (1986) (emphasis added). In contrast, G.L.c. 32, §15(1) merely provides restitution to the governmental entity that has incurred loss due to the wrongful action of a public employee, to the extent of the amount found to be misappropriated. As such, the statute is restitutionary, and not penal or punitive in nature.
It is constitutional for the State to provide an administrative procedure to protect itself from making further payments to those who have unlawfully appropriated its money. The administrative agency proceeding is subject to normal administrative safeguards, including judicial review. If the position of the plaintiff were extended to its logical conclusion, every decision of the Board adverse to the employee would require a jury trial. The present case involves refusal to repay contributions of the employee. Doherty’s argument for a jury trial, however, could apply equally to the Board’s refusal to pay a pension. There is no significant distinction in property interest involved. The District Court correctly determined that Doherty was not entitled to a jury trial.
Misappropriation of funds
Doherty also argues that, even if he did give his son an advance copy of the exam, the Board committed a substantial error of law because his action did not constitute “misappropriation” within the meaning of G.L.c. 32, §15(1). This position is unsupported by law. In Arruda v. Contributory Retirement Appeal Board, 28 Mass.App.Ct. 366 (1990), review denied, 407 Mass. 1102 (1990), the Massachusetts Appeals Court adopted a broad interpretation of the term “misappropriation” as used in G.L.c. 32, §15(1). In Amida, the Court held that participation by a housing authority employee in a kickback scheme constituted misappropriation of funds, even though the employee did not directly take the money from the housing authority or appropriate it to his own use. Id. at 368-69.
Furthermore, the Court finds the Opinion of the Attorney General, June 11, 1990, persuasive on this point. Rep. A.G., Pub. Doc. No. 12, 35 (1990). Said Opinion concerned a conviction in federal court of one of Doherty’s co-defendants for the selling of MDC police promotional examinations. The Attorney General stated that the plain meaning of “misappropriation” as set forth in the Arruda case led him to conclude that obtaining benefits attending promotion by means of a scheme to distribute advance copies of police promotional exams constituted “misappropriation” within the meaning of G.L.c. 32, §15(3). This was misappropriation, regardless of who directly benefit-ted from the use of the exams.[5] Id. at 37. The District Court properly affirmed the Board’s finding that Doherty’s actions constituted a misappropriation of funds under G.L.c. 32, §15(1).
In conclusion, this Court determines from a review of the record that the Board’s decision to deny Doherty’s request for a refund of his retirement ac- ' count was supported by substantial evidence on the *235 record. Accordingly, the decision of the District Court was correct.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment be DENIED. It is further ORDERED that the decision of the District Court in this matter be AFFIRMED.

G.L.c. 32, §15(1) provides, in pertinent part, that any member of the retirement system who misappropriates funds “shall forfeit all rights ... to a return of his accumulated total deductions ... to the extent of the amount so found to be misappropriated and to the extent of the costs of the investigation, if any, as found by the board . . .”

Nhe current action was originally begun as one in the nature of mandamus pursuant to G.L.c. 249, §5. Another justice of this Court ordered the pleadings amended so that they sought certiorari review under G.L.c. 249, §4. See Deely v. Boston Redevelopment Authority, 1980 Mass.App.Div. 101.

Although petitioner, who was represented by counsel, was afforded an evidentiary hearing, no live testimony was offered. No inference from this failure to testify or present witnesses was drawn by the Board.

Doherfy also argues that the Board is bound by the federal jury verdict. However, acquittal of criminal charges does not bar a civil proceeding utilizing the less stringent standard of proof of preponderance of the evidence. See Fire Commissioner of Boston v. Joseph, 23 Mass.App.Ct. 76 (1986).

 The Opinion noted that the term “misappropriation” had the same meaning in both G.L.c. 32, §§15(1) and (3).